No. 19,223.

SCHOOL DISTRICT NO. 23 (INDEPENDENCE), WELD COUNTY
*v.* SCHOOL PLANNING COMMITTEE OF WELD COUNTY, ET AL.
(361 P. [2d] 360)

Decided April 24, 1961.

Messrs. DANIEL, McCAIN & BROWN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, Mr. JOHN W. LENTZ, Special Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

WE refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendants in error were defendants.

By its complaint plaintiff, an existing school district in Weld County, Colorado, sought: (1) to enjoin the holding of an election set for August 5, 1959, at which time the question of approval or disapproval of a plan for a proposed new school district to be known as District No. Re-8 was to be voted upon by the taxpaying electors of the proposed new district; (2) to permanently enjoin the holding of any similar election at any time; (3) a declaration that the acts of the defendants in connection with the preparation, proposal and approval of a plan of school district organization for the proposed new district No. Re-8 are null and void and without effect; (4) a declaration that the School District Organization Act of 1957 (C.R.S. '53, Supp. 123-25-1, et seq.), hereafter referred to as Act of 1957, is null and void; and (5) the issuance of a citation commanding the defendants to certify to the court all of their records which concern or relate to the proposed new school district to be known as District No. Re-8.

In support of these foregoing requests plaintiff in its complaint alleged: (1) that the Act of 1957 is unconstitutional; (2) that the defendants did not comply with certain mandatory requirements of the Act of 1957, which requirements must be fully complied with before any valid and lawful election may be held; (3) that defendants in exercising the powers conferred by the Act of 1957 acted arbitrarily and in excess of their authority; (4) that defendants gave improper and invalid notice of their intention to hold certain hearings required by the Act of 1957 as a condition precedent to the holding of the election; and (5) that if the taxpaying electors should vote favorably upon the proposed organization plan plaintiff would in such event be "eliminated and abolished" and absorbed into the new district to be known as District No. Re-8 and that the "property, money and assets" of plaintiff would be transferred to District No. Re-8.

The trial court issued the citation requested by plaintiff, but before the return date fixed in the citation, and also before any hearing could be held on plaintiff's additional request for a temporary restraining order and preliminary injunction enjoining the holding of the contemplated election on August 5, 1959, the defendants filed a motion to dismiss the complaint and to dissolve the citation theretofore issued, and as grounds therefor stated that the trial court was without "jurisdiction in the premises" and that plaintiff was "without standing to maintain the present action."

The trial court granted defendants' motion, dissolved the citation and dismissed the complaint. Judgment of dismissal was duly entered and a motion for "new trial" denied. Plaintiff is here by writ of error seeking reversal of the judgment.

In essence the contention of defendants is that the trial court, in the absence of fraud or a total want of authority to hold the election, was without jurisdiction to enjoin the holding of the proposed election nor could

it enjoin an administrative body from performing its statutory duty preparatory to the election, and alternatively that plaintiff, having been created by the General Assembly, was therefore without legal capacity to maintain an action attacking the validity of legislation or administrative proceedings held pursuant thereto which might affect its corporate status. The record does not contain any statement by the trial court as to its reason for granting defendants' motion to dismiss, but as we view the record neither ground set forth in the motion to dismiss is sufficient to justify dismissal of the action.

We shall first proceed to consider the question of whether the plaintiff has the capacity to maintain the present action. At the outset it should be noted that this is not merely a case where the boundaries of plaintiff district are to be changed or altered. On the contrary if the proposed reorganization plan goes into effect the plaintiff will for all practical purposes be eliminated and its "property, money and assets" transferred to the newly created District. Both Federal and State Constitutions provide that one may not be deprived of his property except by due process of law. Plaintiff, even though a mere school district, has the right to insist that its property shall not be taken without adherence to this constitutional safeguard. On this basis alone plaintiff has sufficient interest to maintain the action.

The foregoing statement is not intended to mean or even intimate that defendants by their action are actually depriving, or are about to deprive, plaintiff of its property without the observance of due process of law. It may well be that all of defendants' actions are valid and lawful. However, the foregoing does mean that plaintiff has sufficient interest to bring this action and is entitled to a judicial determination of the validity and legality of defendants' acts.

In *School District No. 47, Jefferson County v. Juchem, Supt. of Schools,* 113 Colo. 54, 155 P. (2d) 768, and

*School District No. 3, in El Paso County v. Perry, Supt. of Schools,* 126 Colo. 443, 250 P. (2d) 1010, an existing school district was permitted not only to test the legality of a proposed alteration of its boundary but, in each instance, the proposed alteration was held to be invalid. If a mere change or alteration in the boundary of an existing school district may be the subject of judicial review, it logically follows that a proposed change in the boundaries of an existing school district which would *eliminate* an existing district and result in its property being delivered over to a new district is subject to such review.

In *Hazlet v. Gaunt,* 126 Colo. 385, 250 P. (2d) 188, it was held that an individual citizen and taxpayer had no property interest in the assets of the school district in which he resided, and accordingly could not in attacking the validity of the School District Reorganization Act of 1949 (C.R.S. '53, 123-8-1, et seq.) successfully contend that *his* property was being taken without due process of law. The Court at page 391 pointedly observed that "no school district through its authorized officers, appears in objection to the proposed reorganization." The inescapable inference is that the school district had the right to object *if* it chose to do so. Here, the existing school district "appears in objection to the proposed reorganization."

██ The contention that since the General Assembly created the plaintiff it can also abolish it without review (or interference!) by the courts, though perhaps initially appealing, does not survive a careful analysis. It is true that the plaintiff is a creature of the state and a body politic organized to carry out certain governmental functions. Such being the case it may well follow that the state can alter or even abolish that which it has created. However, in the instant case the General Assembly did *not* attempt by legislative fiat to abolish this plaintiff. Reorganization under the Act of 1957 is not a mandatory matter, rather it provides an orderly manner for re-

organizing old school districts into new school districts where deemed desirable. The manner in which such reorganization shall be accomplished is provided in the Act and a lawful reorganization can only be effected if there be compliance with the requirements thereof. Such being the case, it follows that this plaintiff does have the right to seek and obtain a judicial determination as to the legality of legislation under which its existence may be terminated and its property taken, and may also obtain a judicial review of action taken by administrative boards or officials acting pursuant to such legislation, to determine whether their acts were lawful or were arbitrary or in excess of their jurisdiction and authority. We conclude that plaintiff does have the capacity and standing to maintain the action and that defendants' assertion that plaintiff is "without standing to maintain the action" is without merit.

Defendants also contend that the trial court did not have "jurisdiction in the premises" and was therefore powerless to enjoin the holding of the election. It is the defendants' theory that in the absence of fraud or a total want of power to hold the election, or in the absence of a failure to perform a mandatory duty or condition precedent to the election, a court of equity is without power to enjoin the holding of a school district election. By its complaint plaintiff alleges at considerable length that certain mandatory requirements and conditions prescribed in the Act of 1957 have not been met nor complied with by defendants, and that the election would therefore be unlawful. Clearly plaintiff has brought itself within even the defendants' test as to when and under what circumstances a court of equity may enjoin the holding of an election. In *Denver v. Sweet,* 138 Colo. 41, 329 P. (2d) 441 this Court affirmed the action of the trial court enjoining the City and County of Denver from submitting to the electors at a special election a proposal to levy an income tax and, in so doing, recognized that injunction was the proper form of

relief to prevent the holding of the proposed election under the circumstances there present. See, also, *Nichols v. School District No. 3,* 87 Mont. 181, 287 Pac. 624; *State v. Pullen,* 41 N. Mex. 395, 69 P. (2d) 931; 43, C.J.S. Injunctions, §115, p. 643, et. seq. 78 C.J.S. Schools and School Districts, §128, p. 920 et. seq.; and *Elkins v. Milliken,* 80 Colo. 135, 249 Pac. 655.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.