[No. 3133-1.   Division One.   April 26, 1976.]

THE CITY OF MOUNTLAKE TERRACE, *Appellant*, v. JAMES F. WILSON, ET AL, *Respondents*.

*Adair, Kasperson, Petersen & Hennessey* and *David A. Webber*, for appellant.

*Slade Gorton, Attorney General, Wayne L. Williams, Assistant, Robert E. Schillberg, Prosecuting Attorney, Richard S. Lowry, Deputy*, and *Levy S. Johnston*, for respondents.

SWANSON, J.—The City of Mountlake Terrace appeals from a judgment declaring that it was denied no constitutional right in certain proceedings before the Snohomish County Disability Board and affirming the order of the board which granted James F. Wilson temporary disability leave under the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act.[1]

---

[1]Codified in RCW 41.26. During the relevant time period RCW 41.26.120 provided, "Any member, regardless of his age or years of service may be retired by the disability board, subject to approval by the retirement board as hereinafter provided, for any disability which has been continuous since his discontinuance of active service and which renders him unable to continue his service, whether incurred in the line of duty or not. No disability retirement allowance shall be paid until the expiration of a period of six months after the disability is incurred during which period the member, if found to be physically or mentally unfit for duty by the disability board following receipt of his application for disability retirement, shall be granted a disability leave by the disability board and shall receive an allowance equal to his full

Wilson was employed as a policeman by the City of Mountlake Terrace for about 4½ years prior to his dismissal in August 1973. On October 2, 1973, Wilson applied to the Snohomish County Disability Board for disability retirement. His application was considered by the board at its regular meeting on October 3, 1973, and Wilson was granted an "interim" disability leave allowance pending receipt by the board of a report from its physician. The City was not notified of and did not appear at the October 3 meeting of the board, but it was sent a copy of the interim order. Wilson's application was again considered by the board on November 1, 1973, the board then having received a report by the physician chosen to examine Wilson. The City was notified of this meeting and attended through its city manager and city attorney. At this meeting the board advised that testimony would be taken under oath if so requested by the City or Wilson and afforded the City the opportunity to present testimony or documentary material. Consideration of Wilson's application was continued until the November 8, 1973, special meeting of the board, when the City was again afforded the opportunity to present testimony or documentary material. On November 30, 1973, the board entered its findings of fact, conclusions of law, and order granting Wilson temporary disability leave. On January 11, 1974, the City complained for judgment declaring the award of disability leave to be void because its entry was obtained in an unconstitutional manner.

On appeal, the City does not contend that the board acted in contravention of the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act, but it does argue that procedural due process of law was denied when the board met and heard Wilson's testimony on October 3, 1973, without affording the City any notice or opportunity to be heard, and that such a deprivation of due process vitiated the subsequent proceedings. The City also

monthly salary from his employer for such period." Laws of 1972, 1st Ex. Sess., ch. 131, § 8, pp. 355-56. The statute went on to specify procedures for processing applications for disability retirement.

attacks the statute itself as an unconstitutional delegation of power to an administrative body without adequate procedural safeguards.

The City of Mountlake Terrace has no standing to attack this order of the Snohomish County Disability Board as violative of either the 14th amendment to the United States Constitution or article 1, section 3 of the Washington Constitution. The due process clause protects people from government; it does not protect the state from itself. Municipal corporations are political subdivisions of the state, created for exercising such governmental powers of the state as may be entrusted to them, and they may not assert the protection of the due process clause against action of the state government. *Williams v. Mayor & City Council,* 289 U.S. 36, 40, 77 L. Ed 1015, 53 S. Ct. 431 (1933); *Hunter v. Pittsburgh,* 207 U.S. 161, 178-79, 52 L. Ed. 151, 28 S. Ct. 40 (1907); *Moses Lake School Dist. 161 v. Big Bend Community College,* 81 Wn.2d 551, 557-58, 503 P.2d 86 (1972), *appeal dismissed,* 412 U.S. 934, 37 L. Ed. 2d 393, 93 S. Ct. 2776 (1973); *Meador v. Salem,* 51 Ill. 2d 572, 284 N.E.2d 266, 270 (1972); 1 C. Antieau, *Municipal Corporation Law* § 2.03 (1975). *But see School Dist. 23 v. School Planning Comm.,* 146 Colo. 241, 361 P.2d 360 (1961); *Nelson v. Garland,* 123 Pa. Super. 257, 187 A. 316 (1936). *See also Gomillion v. Lightfoot,* 364 U.S. 339, 342-45, 5 L. Ed. 2d 110, 81 S. Ct. 125 (1960); E. McQuillin, *Municipal Corporations* § 4.20 (3d ed. 1966, Supp. 1975); 83 Harv. L. Rev. 679 (1970). It follows that the City is also without standing to challenge the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act, since one who attacks the validity of an act must show that its enforcement operates as an infringement on his constitutional rights, *Kitsap County v. Bremerton,* 46 Wn.2d 362, 366, 281 P.2d 841 (1955).

Affirmed.

WILLIAMS, C.J., and JAMES, J., concur.