[No. 14610-0-II. Division Two. September 14, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT JOSWICK, *Petitioner*.

*Duncan C. Wilson* and *Sampson & Wilson, Inc. P.S.*, for petitioner.

*John W. Ladenburg, Prosecuting Attorney,* and *Kyron Huigens, Deputy,* for respondent.

PETRICH, J.* — Robert Joswick was charged in Pierce County District Court with a violation of RCW 9.41.230, aiming or discharging a firearm, as a result of an altercation with his wife's ex-husband, which had occurred on June 25, 1989. The charge was dismissed on the State's motion October 13, 1989, without the criminal charge having been brought to trial. Joswick thereafter sought reimbursement for loss of time and expenses under RCW 9.01.200, recodified and amended as RCW 9A.16.110 (Laws of 1989, ch. 94).[1]

After dismissal of the criminal charge, the District Court convened a hearing on December 5, 1989, concluded that

---

*Judge John A. Petrich was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

[1]Former RCW 9.01.200 provided:

"No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself, his family, or his real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of aggravated assault, armed robbery, holdup, rape, murder, or any other heinous crime.

"When a substantial question of self defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his defense."

RCW 9A.16.110 provides:

"(1) No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself or herself, his or her family, or his or her real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of assault, robbery, kidnapping, arson, burglary, rape, murder, or any other heinous crime.

"(2) When a substantial question of self defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his or her defense. This indemnification or reimbursement is an award of reasonable costs which include loss of time, legal fees, or other expenses and is not an independent cause of action.

Joswick's actions in defense of his wife were reasonable and justified, and awarded him $2,468.85. On the State's appeal, the Superior Court reversed the award. Discretionary review was granted by this court.

The parties focus their argument on the meaning of "legal jeopardy of any kind whatsoever", which appears in the earlier and later enactment. The State argues that legal jeopardy is well defined in case law relative to criminal proceedings, which requires that either the jury be empaneled or, in case of a bench trial, that evidence is submitted before jeopardy attaches. If jeopardy does not attach the initial predicate in support of a claim for reimbursement is lacking and there is no valid claim for reimbursement. Joswick, on the other hand, argues that the Legislature had something in mind other than the legal definition of jeopardy because it added the words "of any kind whatsoever"; that such additional words would be superfluous if the term simply meant

---

The determination of an award shall be by the judge or jury at the discretion of the judge in the criminal proceeding. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence: PROVIDED, HOWEVER, That nothing shall preclude the legislature from granting a higher award through the sundry claims process.

"(3) Whenever the issue of self defense under this section is decided by a judge or whenever a judge exercises the discretion authorized under subsection (2) of this section in determining an award, the judge shall consider the same questions as must be answered in the special verdict under subsection (4) of this section.

"(4) Whenever the issue of self defense under this section has been submitted to a jury, and the jury has found the defendant not guilty, and the judge has submitted an award determination to the jury, the court shall instruct the jury to return a special verdict in substantially the following form:

| | "answer "yes or no |
|---|---|
| "1. Was the finding of not guilty based upon self defense? | ..... |
| "2. If your answer to question 1 is no, do not answer the remaining question. | |
| "3. If your answer to question 1 is yes, was the defendant: | |
| "a. Protecting himself or herself? | ..... |
| "b. Protecting his or her family? | ..... |
| "c. Protecting his or her property? | ..... |
| "d. Coming to the aid of another who was in imminent danger of a heinous crime? | ..... |
| "e. Coming to the aid of another who was the victim of a heinous crime? | ....." |

legal jeopardy. He urges us to adopt the broader dictionary definition of jeopardy as "danger or risk of loss or injury; peril". *American Heritage Dictionary* (2d ed. 1985). In further support of his argument, Joswick refers to the language in both versions of the statute which contemplates the need for "legal investigation or court action for full determination of the facts"; he insists that a legal investigation does not necessarily involve a criminal court proceeding.

We disagree with Joswick and affirm.

Our task is one of statutory construction, a question of law, *Glacier Springs Property Owners Ass'n v. Glacier Springs Enters., Inc.*, 41 Wn. App. 829, 832, 706 P.2d 652, *review denied,* 105 Wn.2d 1002 (1985), to be reviewed de novo. *See Hoffer v. State,* 110 Wn.2d 415, 420, 755 P.2d 781 (1988).

The primary goal of the court is to ascertain and give effect to the intention of the Legislature. *Department of Transp. v. State Employees' Ins. Bd.*, 97 Wn.2d 454, 645 P.2d 1076 (1982). In arriving at the intent of the legislative body, the court's first resort is to the context and subject matter of the legislation, because the intention of the lawmaker is to be determined, if possible, from what the Legislature has said. *Hatzenbuhler v. Harrison,* 49 Wn.2d 691, 306 P.2d 745 (1957). Words used in a statute are to be given their usual and ordinary meaning *absent statutory definition. See Garrison v. State Nursing Bd.*, 87 Wn.2d 195, 550 P.2d 7 (1976). All provisions of an act must be considered in their relation to each other and, if possible, harmonized to ensure proper construction for each provision. *Tommy P. v. Board of Cy. Comm'rs,* 97 Wn.2d 385, 645 P.2d 697 (1982). The entire sequence of statutes enacted by the same legislative authority relating to a given subject must be considered in determining legislative purpose. *In re Marriage of Little,* 96 Wn.2d 183, 634 P.2d 498 (1981); *State ex rel. Chesterley v. Superior Court,* 19 Wn.2d 791, 144 P.2d 916 (1944); *Longview Co. v. Lynn,* 6 Wn.2d 507, 108 P.2d 365 (1940) (holding that not only prior but subsequent statutes may be considered for this purpose).

The parties confine their analysis to former RCW 9.01.200 while ignoring the provisions of RCW 9A.16.110. This is somewhat surprising in light of the fact that the later statute took effect July 23, 1989, a few weeks after the charges were filed but well before the criminal charges were dismissed and well before the District Court held its hearing. Since the later enactment retained the former substantive provisions and simply provided a procedural mechanism, which was lacking in the original enactment, for ascertaining the amount of reimbursement, one might successfully argue that the amendment applies retroactively. *State v. Rodriguez*, 61 Wn. App. 812, 812 P.2d 868, *review denied*, 118 Wn.2d 1006 (1991).

However, our concern is not whether procedural provisions apply retroactively. Our task is to determine the legislative intent from a series of enactments. As noted above, we may consider the provisions of a later amendment in determining the legislative intent in the original enactment. *Longview Co. v. Lynn, supra* at 520. Our Supreme Court, faced with a similar issue of statutory construction, set forth the following rule:

> [W]here this court has not previously interpreted the statute to mean something different and where the original enactment was ambiguous such to generate dispute as to what the legislature intended, the subsequent amendment shall be effective from the date of the original act, even in the absence of a provision for retroactivity.

(Citations omitted.) *Overton v. Economic Assistance Auth.*, 96 Wn.2d 552, 558, 637 P.2d 652 (1981).

As demonstrated by the arguments presented by the respective parties in this appeal, the original enactment was ambiguous and raised doubts as to the intent of the Legislature. Furthermore, no judicial interpretation as to legislative intent on the precise issue raised here intervened between the original enactment and the later amendment. From a reading of the amendment, it is obvious that the Legislature intended that before one is entitled to reimbursement for loss of time and expenses there must first be an acquittal in the criminal proceedings.

Subsection (3) of the amendment provides that whenever the issue of self-defense is resolved by the judge or whenever the judge exercises discretion in determining an award, the judge shall consider the same questions posed in subsection (4). This later subsection applies to proceedings where an award for loss of time and expenses is being considered and provides that when the issue of self-defense is submitted to the jury "and the jury has found the defendant not guilty", the jury is to complete a special verdict in the form of answers to various questions. The first question is, "Was the finding of not guilty based on self defense?".

A fair reading of these provisions leads us to the conclusion that the statute requires a determination in the criminal proceeding that an accused is not guilty before an award under the statute may be considered and allowed. In order to hold otherwise we would have to ignore the plain provisions of the enactment. This we will not do. Here there was never a determination in the criminal proceedings that Joswick was not guilty of the offense charged.

We affirm the judgment of the Superior Court.

ALEXANDER, C.J., and SEINFELD, J., concur.