[Nos. 15085-9-II; 15952-0-II.   Division Two.   December 27, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. DEVRON ANDERSON, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DAVID CARL SAMPSON, *Appellant.*

*Bryan Chushcoff*, for appellants.

*John W. Ladenburg, Prosecuting Attorney*, and *Chris Quinn-Brintnall, Senior Appellate Deputy; Christine O. Gregoire, Attorney General*, and *Stewart A. Johnston* and *Carl Paul, Assistants*, for respondent.

MORGAN, J. — In separate, unrelated cases, Devron Anderson and David C. Sampson requested reimbursement for "loss of time" and legal fees pursuant to RCW 9A.16.110. The trial court denied each request. Each man appealed, and the appeals were consolidated. We affirm Anderson's case and modify Sampson's.

In March 1990, Anderson fired his shotgun and killed a 14-year-old girl. The next day he was jailed for first degree murder. He remained in jail until the end of his trial.

Because Anderson was indigent, the trial court appointed the Pierce County Department of Assigned Counsel (DAC) to represent him. Soon, however, DAC withdrew due to a conflict of interest. The trial court substituted a self-employed attorney who had previously contracted with Pierce County to provide indigent defense services at the rate of $30 per hour plus costs.

Anderson went to trial, arguing self-defense.[1] The jury acquitted. A supplemental postverdict proceeding was held, *see* RCW 9A.16.110(4), and the jury returned a special verdict finding, by a preponderance of evidence, that Anderson had acted in lawful defense of himself and his family.

Anderson then sought an order requiring the State to compensate him for the 202 days he had spent in jail. He

---

[1]During trial, Anderson and his attorney each signed a written retainer agreement in which Anderson promised to pay his attorney $120 per hour plus costs. During oral argument in this court, counsel abandoned his reliance on that agreement, and thus it is immaterial here. In any event, the agreement was not supported by consideration, because when counsel signed it, he was only re-promising to do that which he was already obligated to do (*i.e.*, provide Anderson with a proper defense).

reasoned that the first 8 hours of each day should be multiplied by $3.80 per hour, the federal minimum wage for "regular time". He further reasoned that the remaining 16 hours of each day should be multiplied by $7.50 per hour, the federal minimum wage for "overtime". He concluded he was entitled to $25,375.45 for "loss of time" while in jail.

Anderson also sought an order requiring the State to compensate him for legal fees. He reasoned that his court-appointed attorney had spent 165.3 hours preparing and presenting his defense, and that a reasonable rate of compensation was $150 per hour. He concluded his attorney was entitled to $24,795.

With respect to both loss of time and legal fees, Anderson relied on RCW 9A.16.110(2). It provides in part:

> When a substantial question of self defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his or her defense. This indemnification or reimbursement is an award of reasonable costs which include loss of time, legal fees, or other expenses and is not an independent cause of action. The determination of an award shall be by the judge or jury at the discretion of the judge in the criminal proceeding. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence . . ..

The trial court denied relief. It construed RCW 9A.16.110 as a "statute of indemnification or reimbursement for the expenses directly borne by the defendant." It found no evidence that Anderson would have had income or earnings if not in jail. It found that Pierce County, not Anderson, had paid Anderson's legal fees and costs. It did not order Anderson to repay the County in whole or in part. It concluded, "Mr. Anderson is not entitled to any reimbursement or indemnification in this matter, since he has spent no funds nor lost any funds for which he should be reimbursed or indemnified."[2] Anderson appealed.

---

[2]Appellants' Clerk's Papers, at 69.

Sampson's case is similar but not identical. On January 16, 1991, after ingesting cocaine and alcohol, he "deliberately sought out a drug transaction in a high crime area"[3] while armed with a loaded handgun.[4] A confrontation ensued, and he shot two men, killing one.

In February 1991, Sampson was jailed for first degree murder and first degree assault. Like Anderson, he remained in jail until the end of his trial.

Sampson initially retained two private attorneys who billed him $4,500 in legal fees. One attorney charged $75 per hour, while the other charged $125 per hour. Sampson paid $2,800, but it appears that the remaining $1,700 is still owed.[5]

Sampson was later found indigent, and the trial court appointed the same self-employed attorney who had previously been appointed to represent Anderson. As already noted, that attorney had contracted with Pierce County to provide indigent defense services at $30 per hour plus costs.

Sampson went to trial, arguing self-defense. The jury acquitted. A supplemental postverdict proceeding was held, *see* RCW 9A.16.110(4), and the jury returned a special verdict finding, by a preponderance of evidence, that Sampson had acted in self-defense.

Citing RCW 9A.16.110, Sampson then sought to recover for loss of time and legal fees. Reasoning in the same way

---

[3]Finding of fact 7; Supplemental Clerk's Papers, at 90. Sampson asserts that this and certain other findings are not supported by substantial evidence. However, he offers no argument showing why that might be true, and our review of the record fails to disclose any finding not supported by substantial evidence, with the possible exception of finding of fact 13. We comment on finding of fact 13 in a later note.

[4]Finding of fact 8; Supplemental Clerk's Papers, at 90.

[5]These figures are according to finding of fact 13 made by the trial court. Supplemental Clerk's Papers, at 91. Sampson assigns error to that finding and asserts certain figures in his brief at page 5. During oral argument, however, Sampson's counsel could not explain how the figures in his brief were derived. Nor has he offered any argument showing why the trial court's figures are incorrect. In view of these deficits, we presume that finding of fact 13 was correct.

as Anderson, he claimed $28,204.05 for "lost time" and $26,455.01 for attorney's fees. The amount claimed for attorney's fees included the $2,800 paid to retained counsel, the $1,700 promised but not yet paid, and 125 hours at $150 per hour for time spent by appointed counsel.

The trial court[6] found that Sampson's "lost time" was worth $5,010, a figure calculated by multiplying the federal minimum wage by 40 hours per week spent in jail. It further found that Sampson was obligated to pay retained counsel $4,500, of which $2,800 had been paid to date.[7] However, it denied both lost time and attorney's fees. It ruled that Sampson was a drug user who had "deliberately sought out a drug transaction in a high crime area,"[8] and that "[c]ompensation for this defendant was not a result intended by the [L]egislature."[9] Sampson appealed.[10]

## I

■ The State argues that RCW 9A.16.110 does not govern this case. Initially, it says that "RCW 9A.16.110 should be declared unconstitutional as violative of public policy."[11] We can only respond that RCW 9A.16.110 *is* public policy as declared by the Legislature. We must follow it unless it violates some aspect of the federal or state constitution.

■ Additionally, the State says that RCW 9A.16.110 is "unconstitutional under the 6th and 14th Amendments to

---

[6]The judge in Sampson's case was not the same as the judge in Anderson's case.

[7]Finding of fact 13; Supplemental Clerk's Papers, at 91.

[8]Finding of fact 7, Supplemental Clerk's Papers, at 90.

[9]Conclusion of law 1; Supplemental Clerk's Papers, at 92.

[10]The State cross-appeals in Sampson's case only. It assigns error to the finding that Sampson's "lost time" was worth $5,010, as well as to a finding that a reasonable rate of compensation for a privately retained attorney would have been $150 per hour. We do not reach the cross appeal, because our resolution of other issues is dispositive.

[11]Brief of Respondent (*State v. Anderson*), at 3.

the United States Constitution and Article I, § 22 of the Washington State Constitution because it tends to chill a defendant's right to counsel."[12] (Italics omitted.) Like any litigant, the State lacks standing to assert rights not its own. *See Powers v. Ohio*, 499 U.S. 400, 410, 113 L. Ed. 2d 411, 111 S. Ct. 1364, 1370 (1991) ("litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief premised on the legal rights or interests of third parties") (quoting *United States Dep't of Labor v. Triplett*, 494 U.S. 715, 108 L. Ed. 2d 701, 110 S. Ct. 1428 (1990)); *Rawlings v. Kentucky*, 448 U.S. 98, 65 L. Ed. 2d 633, 100 S. Ct. 2556 (1980); *Rakas v. Illinois*, 439 U.S. 128, 132, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978). Thus, it cannot assert the rights of Anderson or Sampson,[13] and this argument fails.

Finally, the State says in Sampson's case that even if RCW 9A.16.110 is constitutional, the Legislature did not intend "to reimburse a felony drug user, who in the course of attempting to purchase and consume rock cocaine, shoots the drug dealer in self defense . . .".[14] (Italics omitted.) A statute must be construed according to its terms, *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 85 L. Ed. 2d 692, 105 S. Ct. 2297 (1985) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 44 L. Ed. 2d 539, 95 S. Ct. 1917, 1935 (1975)); *State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992), and the peculiar terms of RCW 9A.16.110 are very broad. It does not disqualify a claimant from recovering appropriate expenses because he or she is of bad character, or because the need to use self-defense was precipitated by unsavory or even illegal activities. Rather, it allows recovery

---

[12]Brief of Respondent (*State v. Anderson*), at 5.

[13]Nor can the State assert a due process right against its own statute. *See Mountlake Terrace v. Wilson*, 15 Wn. App. 392, 394, 549 P.2d 497 (1976) (citing *Williams v. Mayor & City Coun.*, 289 U.S. 36, 40, 77 L. Ed. 2d 1015, 53 S. Ct. 431 (1933) and *Hunter v. Pittsburgh*, 207 U.S. 161, 178-79, 52 L. Ed. 151, 28 S. Ct. 40 (1907)); *see also Kenia Peninsula Borough v. Department of Comm'ty & Regional Affairs*, 751 P.2d 14, 18 (Alaska 1988).

[14]Brief of Attorney General in *State v. Sampson*, at 11.

of appropriate expenses by anyone who, according to a preponderance of evidence, acted lawfully in self-defense. As a result, this argument fails.

## II

■ Concluding that RCW 9A.16.110 controls, we now turn to whether its terms have been met. Preliminarily, we note that a claimant generally has the burden of proving the facts necessary to sustain his or her claim. *See American States Ins. Co. v. Breesnee*, 49 Wn. App. 642, 646, 745 P.2d 518 (1987) (citing *Johnson v. Nasi*, 50 Wn.2d 87, 91, 309 P.2d 380 (1957)). Applying that principle here, we hold that Anderson and Sampson have the burden of proving the facts necessary to support their respective claims under RCW 9A.16.110(2).

■ The first fact needed to support a claim under RCW 9A.16.110 is that the claimant used lawful self-defense according to a preponderance of the evidence. This fact is not in issue, for in both Anderson's and Sampson's cases, the jury found by a preponderance of evidence that the defendant had acted in lawful self-defense.

The second fact needed to support a claim under RCW 9A.16.110 is that the claimant incurred "loss of time, legal fees, or other expenses" in order to establish lawful self-defense before a trier of fact. *See State v. Joswick*, 71 Wn. App. 311, 858 P.2d 280 (1993) (where case dismissed before trial, no right to reimbursement under RCW 9A.16.110). This fact is in issue, and we address it by separately discussing "loss of time" and "legal fees".

### Loss of Time

Essentially, the State contends that indemnification or reimbursement for "loss of time" means indemnification or reimbursement for earnings that a claimant would have received but for being prosecuted. It says that neither Anderson nor Sampson has presented evidence sufficient to meet this test, so neither can recover for "loss of time".

Anderson and Sampson assert they are entitled to recover for "loss of time" regardless of whether they would have received earnings but for being prosecuted. They contend

they are entitled to be paid for the value of every hour of every day during which they were incarcerated. This time, they say, "is valuable for a number of reasons", including "the opportunity to be free to enjoy life" and "the opportunity to obtain employment".[15] Citing 22 Am. Jur. 2d *Damages* § 185 (1988), which discusses the rights of unemployed persons who have been personally injured, they also contend they are entitled to be paid for loss of earning capacity. They acknowledge that they are not entitled to be paid, under RCW 9A.16.110, for pain and suffering or loss of liberty.[16]

█ We hold that the State must indemnify or reimburse for lawful earnings a defendant would have received but for being prosecuted. RCW 9A.16.110(2) requires the State to "indemnify or reimburse such defendant for all loss of time . . . involved in his or her defense", and clearly this includes earnings the defendant would have received but for being prosecuted.[17]

We hold that the State is not required to indemnify or reimburse for loss of "the opportunity to be free to enjoy life". RCW 9A.16.110(2) mandates "an award of reasonable costs", including "loss of time" and other "expenses". It does not establish "an independent cause of action", and it does not incorporate all of the various rules that would govern damages in an independent action. We assume that loss of the opportunity to enjoy life is an aspect of loss of liberty, and thus compensable in a tort action for false arrest or false detention. *See Bender v. Seattle*, 99 Wn.2d 582, 591, 664 P.2d

---

[15]Brief of Sampson, at 22; Brief of Anderson, at 9-10.

[16]Brief of Sampson, at 23; Brief of Anderson, at 10-11.

[17]Anderson, Sampson and the State all cite various authorities that tend to equate lost time with lost earnings. Anderson and Sampson cite 22 Am. Jur. 2d *Damages* § 154 (1988), while the State cites *Kubista v. Romaine,* 14 Wn. App. 58, 62, 538 P.2d 812 (1975), *aff'd,* 87 Wn.2d 62, 549 P.2d 491 (1976), *Vangemert v. McCalmon,* 68 Wn.2d 618, 414 P.2d 617 (1966), *Fleming v. Mulligan,* 3 Wn. App. 951, 954, 478 P.2d 754 (1970), *review denied,* 79 Wn.2d 1001 (1971), and *State v. Lewis,* 57 Wn. App. 921, 791 P.2d 250 (1990). Although these authorities discuss lost time in contexts very different from the one here, they perhaps provide a slight degree of support for the holding in the text.

492 (1983) (gist of an action for false arrest or false imprisonment is violation of right to personal liberty). By no stretch of the imagination, however, is loss of opportunity to enjoy life a "cost" or "expense", and it is not compensable under RCW 9A.16.110(2).

We hold that the State is not required to indemnify or reimburse for loss of the opportunity to look for employment, unless evidence of that loss is accompanied by evidence showing that the defendant would have received earnings but for being prosecuted. As already noted, the intent of the statute is to make "an award of reasonable costs", including "loss of time" and other "expenses". Without more, mere loss of the opportunity to look for a job is neither a "cost" nor an "expense", and it is not within the statute.

We hold that the State is not required to indemnify or reimburse for a defendant's loss of earning capacity. Like loss of opportunity to enjoy life and loss of opportunity to look for employment, loss of earning capacity cannot be fairly characterized as a "cost" or "expense" within the meaning of RCW 9A.16.110. Moreover, loss of earning capacity is "the permanent diminution of the ability to earn money" that sometimes follows from personal injury. *Lyster v. Metzger*, 68 Wn.2d 216, 222, 412 P.2d 340 (1966) (citing *Murray v. Mossman*, 52 Wn.2d 885, 329 P.2d 1089 (1958)); *see Wagner v. Flightcraft, Inc.*, 31 Wn. App. 558, 571, 643 P.2d 906, *review denied*, 97 Wn.2d 1037 (1982). Here, Anderson and Sampson had the same *capacity* to earn money before, during and after they were in jail. They were restrained from *exercising* that capacity because they were in jail, but their capacity itself was not diminished permanently or in any other way.

The evidence in Anderson's case shows that he was employed for 7 weeks in 1988, earning a total of $2,063.82. It does not show any employment since then, or any prospects for income or employment at the time of his arrest in March 1990. Such evidence is insufficient to support a finding that Anderson would have received earnings but for being prosecuted, and he is not entitled to indemnification or reimbursement for "loss of time".

The evidence in Sampson's case does not show whether he was ever employed before arrest, whether he was employed at the time of arrest, or whether he had any prospects for income or employment at the time of arrest. Such evidence is insufficient to support a finding that Sampson would have received earnings but for being prosecuted, and he is not entitled to indemnification or reimbursement for "loss of time".

## Legal Fees

Essentially, Anderson and Sampson argue that RCW 9A.16-.110(2) is a reasonable attorney's fee statute. They say it mandates payment of a reasonable attorney's fee, regardless of what the defendant has paid or agreed to pay his counsel. They cite and rely on cases construing various reasonable attorney's fee statutes. *E.g., Collier v. Tacoma*, 121 Wn.2d 737, 762, 854 P.2d 1046 (1993); *In re Renton*, 79 Wn.2d 374, 485 P.2d 613 (1971); *Metropolitan Mortgage & Sec. Co. v. Becker*, 64 Wn. App. 626, 632, 825 P.2d 360 (1992).

Essentially, the State argues that RCW 9A.16.110 is an indemnification-reimbursement statute, as opposed to a reasonable attorney's fee statute. Thus, it says, it is not required to pay legal fees in excess of those actually paid by the defendant.

We hold that RCW 9A.16.110 is an indemnification-reimbursement statute. By its plain terms, it commands the State to "indemnify or reimburse such defendant for . . . legal fees . . . involved in his or her defense." The State "reimburse[s]" for legal fees by paying to the defendant an amount equal to the fees that he or she has paid in the past. *See* Black's Law Dictionary 1287 (6th ed. 1992) ("reimburse" means "[t]o pay back, to make restoration, to repay that expended . . . ."). The State "indemnif[ies]" for legal fees by paying to the defendant or a creditor attorney an amount equal to the fees that the defendant legally owes pursuant to an enforceable contract, but has not yet paid. *See* Black's Law Dictionary 769 (6th ed. 1992) ("indemnify" means "[t]o restore the victim of a loss, in whole or in part, by payment, repair, or replacement"). Neither word commands the State

to pay fees that a defendant has neither paid nor become legally obligated to pay. In our view, an award of reasonable[18] legal fees under RCW 9A.16.110 must include but shall not exceed the sum of (a) legal fees the defendant has paid in the past, plus (b) legal fees the defendant has become legally obligated to pay in the future.

We turn now to these cases. There is no evidence that Anderson ever paid or became legally obligated to pay any legal fees whatsoever. At all times, his counsel was provided by the County, and the trial court never required him to pay the County in whole or in part. Thus, he is not entitled to recover legal fees under RCW 9A.16.110(2).

According to the trial court's findings, Sampson actually paid $2,800 to retained counsel, and legally bound himself to pay an additional $1,700 that has not yet been paid. By virtue of RCW 9A.16.110(2), the State is required to pay him the first amount, and him or the creditor attorney the second amount. The order in his case must be amended accordingly.

The parties make various additional arguments that lack merit and do not warrant discussion.

The order in Anderson's case is affirmed. The order in Sampson's case is vacated, and that case is remanded for entry of an amended order consistent with this opinion. No party shall recover fees or costs on appeal.

ALEXANDER, C.J., and SEINFELD, J., concur.

Reconsideration denied January 28, 1994.

Review denied at 124 Wn.2d 1010 (1994).

---

[18]We do not consider the situation in which the sum of the amounts a defendant has paid and become legally obligated to pay is alleged to exceed a reasonable attorney's fee. Here, it is undisputed that the sum of what each defendant paid and became legally obligated to pay did not exceed a reasonable attorney's fee.