IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30836-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOMMY J. VILLANUEVA, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

BROWN, J. — The State appeals the trial court's lost wages award to Tommy J. Villanueva, who successfully asserted self-defense in the State's assault prosecution. The State contends the trial court erred because Mr. Villanueva's lost wages were not involved in his legal defense since the wage loss stemmed from his arrest four days before the State filed formal charges against him. We construe RCW 9A.16.110 to provide reimbursement for costs stemming from arrest charges referred by law enforcement to the State for formal charging and prosecution that results in a self-defense acquittal. Accordingly, we affirm.

FACTS

On June 20, 2010, law enforcement arrested Mr. Villanueva and booked him in jail as a suspect for two charges of first degree assault based on probable cause he stabbed two people with a knife in an altercation. His employer fired him the next day

because he missed work while confined in jail and had been previously warned about absenteeism. After his preliminary appearance and bail hearing on June 21, 2010, he posted a bond and obtained release from jail. On June 25, 2010, the State formally charged Mr. Villanueva by information with two counts of first degree assault. A jury acquitted him on January 26, 2012, finding he acted in self-defense. He moved successfully under RCW 9A.16.110, for reimbursement of costs involved in his legal defense. The trial court awarded him $48,910.54, including $10,020.00 in lost wages. While wavering on the issue, the court ultimately found "his loss of his job was based on the arrest, and the necessity for a defense from that time forward." Report of Proceedings at 16. The State appealed.

## ANALYSIS

The issue is whether the trial court erred in interpreting RCW 9A.16.110 to include wage loss stemming from Mr. Villanueva's arrest that led to his assault prosecution and self-defense acquittal. The State acknowledges his job loss resulted from his arrest but contends it matters not because the statute's plain language applies solely upon formal charges filed by the State.

We interpret RCW 9A.16.110 de novo.[1] *See City of Seattle v. Fontanilla*, 128 Wn.2d 492, 494-98, 909 P.2d 1294 (1996); *see also Multicare Med. Ctr. v. Dep't of Soc. & Health Servs.*, 114 Wn.2d 572, 582 n.15, 790 P.2d 124 (1990). When interpreting a statute, we must "discern and implement" our legislature's intent. *State v. J.P.*, 149

---

[1] Mr. Villanueva incorrectly argues the abuse of discretion review standard applies. The State challenges the trial court's interpretation of RCW 9A.16.110 but does not challenge its discretionary determination of the award's amount.

2

Wn.2d 444, 450, 69 P.3d 318 (2003); *see State ex rel. Great N. Ry. Co. v. R.R. Comm'n of Wash.*, 52 Wash. 33, 36, 100 P. 184 (1909). If the statute's meaning is plain, we must effectuate it as an expression of our legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002); *Walker v. City of Spokane*, 62 Wash. 312, 318, 113 P. 775 (1911). If the statute's meaning is ambiguous, we may construe it by ascertaining our legislature's intent from legislative history, relevant judicial opinions, and recognized canons of construction. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 808, 16 P.3d 583 (2001); *Shelton Hotel Co. v. Bates*, 4 Wn.2d 498, 507-08, 104 P.2d 478 (1940). A statute's meaning is ambiguous "if it is subject to two or more reasonable interpretations." *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993). But a statute's meaning is not ambiguous "merely because different interpretations are conceivable." *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999).

The statute partly provides,

(1) No person in the state shall be placed in *legal jeopardy of any kind whatsoever* for protecting by any reasonable means necessary, himself or herself . . . .

(2) When a person charged with a crime listed in subsection (1) of this section is found not guilty by reason of self-defense, the state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses *involved in his or her defense*. This reimbursement is not an independent cause of action. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence. If the trier of fact makes a determination of self-defense, the judge shall determine the amount of the award.

RCW 9A.16.110 (emphasis added).

3

If a fact finder acquits a criminal defendant by reason of self-defense, the statute requires the State to reimburse him or her for certain costs. But the statute is unclear on the scope of costs recoverable. The words "involved in his or her defense" plainly require that the costs arise from some form of criminal charge. But these words are ambiguous because they could reasonably refer to either a formal charge filed by the State by information or an arrest charge referred by law enforcement to the State for a prosecutor's charging decision. Therefore, we construe RCW 9A.16.110 to determine the legislative intent.

We have reviewed RCW 9A.16.110's entire legislative history from its 1977 enactment through its 1995 amendments. We find this legislative history unhelpful because it is just as ambiguous as the statute itself. Therefore, we turn to relevant judicial opinions interpreting RCW 9A.16.110.

Our Supreme Court has said "the statute's purpose is to ensure that costs of defense shall befall '[n]o person in the state' if he or she acts in self-defense; and . . . reimbursement is available when such person incurs costs in defending against some kind of 'legal jeopardy.'" *Fontanilla*, 128 Wn.2d at 500 (alteration in original) (quoting former RCW 9A.16.110(1) (1989)). The court then noted the phrase "'legal jeopardy of any kind *whatsoever*'" "expansively modifie[s]" and "enlarge[s] upon" the traditional meaning of legal jeopardy, which usually attaches in a jury trial when the judge empanels the jury and attaches in a bench trial when the parties present evidence to the judge. *Id.* (quoting former RCW 9A.16.110(1)) (citing *State v. Joswick*, 71 Wn. App. 311, 314, 858 P.2d 280 (1993)). Division Two of this court has said the phrase

4

"'involved in his or her *defense*'" "connotes the defendant's participation in the *entire* prosecution process; it is not limited to participation in a specific part of the process." *State v. Jones*, 92 Wn. App. 555, 562, 964 P.2d 398 (1998) (quoting RCW 9A.16.110(2)). The court then noted a preliminary appearance or bail hearing is part of this process. *Id.* at 562.

In *State v. Anderson*, the defendant sought an award under former RCW 9A.16.110 for the 202 days he spent in jail between arrest and acquittal. 72 Wn. App. 253, 255, 863 P.2d 1370 (1993). Law enforcement arrested him and booked him in jail for first degree murder on March 17, 1990 and the prosecution filed information accusing him of first degree murder on March 19, 1990.[2] *Id.* After a jury acquittal by reason of self-defense, the trial court denied his request for lost time reimbursement. *Id.* at 256. The *Anderson* court held the words "'loss of time . . . involved in his or her defense'" include "lawful earnings a defendant would have received but for being prosecuted." *Id.* at 261 (omission in original) (quoting former RCW 9A.16.110(2)). Applying this holding, the court considered the defendant's employment status and income prospects "at the time of his arrest" and throughout the case. *Id.* at 262. Thus, *Anderson* suggests the words "'involved in his or her defense'" apply from arrest onward. *Id.* at 255-56, 260-62 (quoting former RCW 9A.16.110(2)).

---

[2] We take judicial notice of these dates because they are undisputable legislative facts. *See* ER 201(a)-(b); *Legal Information Network Exchange*, PIERCE COUNTY, https://linxonline.co.pierce.wa.us/linxweb/Case/CriminalCase.cfm?cause_num =90-1-01217-6 (last visited September 27, 2013) (containing docket information for *State v. Anderson*, No. 90-1-01217-6 (Pierce County Super. Ct. Oct. 5, 1990)).

This interpretation finds support from recognized canons of construction. We construe a statute to effectuate its purpose while avoiding absurd, strained, or unlikely consequences. *Alderwood Water Dist. v. Pope & Talbot, Inc.*, 62 Wn.2d 319, 321, 382 P.2d 639 (1963); *State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990). Construing the words "involved in his or her defense" as applying upon formal charges solely would preclude reimbursement for costs reasonably incurred in connection with events after law enforcement arrests and books a suspect in jail on probable cause but before the prosecution formally charges a defendant. Such a reading would exclude a probable cause determination, preliminary appearance, bail hearing, and possibly a custodial interrogation from the ambit of a person's legal "defense." *Cf. Jones*, 92 Wn. App. at 562. *See generally* CrR 3.2, 3.2.1, 3.5 (setting forth relevant procedures). We construe the words "involved in his or her defense" to avoid this absurd, strained, and unlikely consequence.

We construe a remedial statute liberally when necessary to effectuate its purpose. *Peet v. Mills*, 76 Wash. 437, 439, 136 P. 685 (1913); *State v. Douty*, 92 Wn.2d 930, 936, 603 P.2d 373 (1979). Subsection (2) is remedial because "it relates to practice, procedure, or remedies and does not affect a substantive or vested right." *Miebach v. Colasurdo*, 102 Wn.2d 170, 181, 685 P.2d 1074 (1984); *see Nelson v. Dep't of Labor & Indus.*, 9 Wn.2d 621, 627, 115 P.2d 1014 (1941). Again, "the statute's purpose is to ensure that costs of defense shall befall '[n]o person in the state' if he or she acts in self-defense; and . . . reimbursement is available when such person incurs costs in defending against some kind of 'legal jeopardy.'" *Fontanilla*, 128 Wn.2d at 500

(alteration in original) (quoting former RCW 9A.16.110(1)). The cost of a criminal defense often starts at arrest. Thus, we construe the words "involved in his or her defense" liberally because doing so is necessary to effectuate the statute's purpose.

Considering all, we construe the words "involved in his or her defense" as applying upon arrest charges referred by law enforcement to the State for formal charging and prosecution. Therefore, RCW 9A.16.110 provides reimbursement for costs incurred from arrest through self-defense acquittal. Applying this construction, as the trial court apparently did, Mr. Villanueva's lost wages were involved in his legal defense because the trial court found they constituted lawful earnings he would have received but for being prosecuted. Thus, the trial court did not misinterpret RCW 9A.16.110 and, therefore, did not err in awarding Mr. Villanueva's lost wages.

Mr. Villanueva asks us to award him reasonable appellate costs under RCW 9A.16.110, allowing reimbursement to a defendant acquitted by reason of self-defense "for postacquittal fees and costs reasonably incurred in the trial or appellate courts." *Jones*, 92 Wn. App. at 564. Considering our analysis, we conclude Mr. Villanueva reasonably incurred costs on appeal. *See id.* at 564 & n.21. Therefore, we award him reasonable appellate costs under RCW 9A.16.110 and remand for the trial court to determine the amount. *See id.* at 564.

7

No. 30836-7-III
*State v. Villanueva*

Affirmed.

Brown, J.
Brown, J.

WE CONCUR:

Siddoway, A.C.J.
Siddoway, A.C.J.

Kulik, J.
Kulik, J.