# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51571-7-II |
| Respondent, | |
| v. | |
| TROY E. BOTTEMILLER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — A jury found that Troy Bottemiller killed Lucas Gritzke in self-defense. As a result, it found that Bottemiller was not guilty of murder or manslaughter and that his use of force was justified, but that Bottemiller was engaged in criminal conduct substantially similar to the charged crime. Based on this latter finding, the trial court denied him attorney fees or costs under RCW 9A.16.110. Bottemiller contends substantial evidence does not support the jury's finding that he was engaged in criminal activity substantially related to the charged crime and that the trial court abused its discretion by denying him any fee or cost award. We affirm.

## FACTS

In April 2016, Bottemiller, Sabrina Westfall, and two others sold heroin from a motel room in Puyallup. Gritzke and Bottemiller had known each other for many years and Gritzke had previously been in a relationship with Westfall.

Gritzke learned that Bottemiller had used Gritzke's name while dealing drugs. Gritzke went to the motel where Bottemiller was staying and, with a mutual acquaintance, developed a plan to get into the room and confront Bottemiller. Gritzke and another man entered the room and asked to buy heroin. Gritzke left for ten to twenty minutes with one of the room's occupants who had been making drug deliveries.

Bottemiller believed that Gritzke and some others in the room intended to rob him, so while Gritzke was out of the room, he retrieved a gun from a bag stashed behind the bed. When Gritzke returned to the room, he "blew up," got in Bottemiller's face, and accused Bottemiller of impersonating him. 10 Report of Proceedings (RP) at 1308-09. Gritzke stood over Bottemiller yelling at him while Bottemiller tried to reason with him.

Gritzke then threatened physical violence against Bottemiller and demanded his drugs. Bottemiller tried to diffuse the situation but he believed Gritzke would beat him regardless of whether he gave Gritzke his drugs. Bottemiller told Gritzke that the drugs were in the car. Gritzke went to the motel room door and told Bottemiller to come with him to get the drugs. Bottemiller then took out the gun and pointed it at Gritzke who then stepped towards Bottemiller. Bottemiller shot Gritzke in the chest, killing him.

The State charged Bottemiller with murder in the second degree, and the jury found Bottemiller not guilty of murder in the second degree. After returning its verdict, the court instructed the jury it would have to decide whether Bottemiller's use of force was justified. *See* RCW 9A.16.110.

2

On a special verdict form, the jury found that Bottemiller proved by a preponderance of the evidence that the use of force was justified. It also found that he was "engaged in criminal conduct substantially related to the events giving rise to the crime with which [he] was charged." Clerk's Papers at 81.

Bottemiller argued to the court that he was entitled to costs despite the jury's findings. He requested $131,774.85 in attorney fees. In ruling on the costs issue, the trial court found that it was "clear" that Bottemiller "was a drug dealer" and he and others had been working together to sell drugs. 15 RP at 1719. The court found that "[t]he ostensible reason that Mr. Gritzke was at Mr. Bottemiller's hotel room was to buy drugs." 15 RP at 1721. It described Gritzke's "ruse" about Bottemiller impersonating him as purely intended to justify robbing Bottemiller of his drugs and dismissed it as "BS." 15 RP at 1722, 1724.

The court agreed with the jury that "Bottemiller's illegal drug dealing was substantially related to the need to use any force at all" and that it "gave rise to this homicide in many ways." 15 RP at 1726. It noted that Gritzke would not be dead if Bottemiller was not a drug dealer. The court then denied Bottemiller any fees or costs. Bottemiller appeals.

ANALYSIS

People shall not "be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary" themselves, their family, or their property. RCW 9A.16.110(1). When a person is charged with murder, or any other crime listed in RCW 9A.16.110, and the person is found not guilty by reason of self-defense, the State must "reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense." RCW 9A.16.110(2).

Reimbursement sought under RCW 9A.16.110 is not an independent cause of action. It is governed by the civil rules of procedure. *State v. Park*, 88 Wn. App. 910, 915, 946 P.2d 1231 (1997). To award the defendant reasonable costs, the trier of fact must find that the defendant has proved his claim of self-defense by a preponderance of the evidence. RCW 9A.16.110(2). Once the trier of fact makes such a determination, "the judge shall determine the amount of the award." RCW 9A.16.110(2). However,

> [n]otwithstanding a finding that a defendant's actions were justified by self-defense, if the trier of fact also determines that the defendant was engaged in criminal conduct substantially related to the events giving rise to the charges filed against the defendant the judge may deny or reduce the amount of the award.

RCW 9A.16.110(3).

Bottemiller contends that insufficient evidence supported the jury's finding that he was engaged in criminal activity substantially related to the charged crime. He claims that, although he possessed drugs on the night of the incident, his possession had nothing to do with Gritzke's actions or subsequent death. He provides alternative explanations for Gritzke's and Bottemiller's confrontation, including their mutual relationship with Westfall and Bottemiller's use of Gritzke's name to attract drug clients. We conclude that substantial evidence supports the jury's finding.

We review civil jury verdicts for whether they are supported by substantial evidence.[1] *Guijosa v. Wal-Mart Stores, Inc.*, 144 Wn.2d 907, 915, 32 P.3d 250 (2001). In so doing, we "consider all evidence and draw all reasonable inferences in the light most favorable to the

---

[1] The State suggests that we should review the jury's findings in a post-acquittal action for costs and attorney fees under the criminal sufficiency of the evidence standard. *See* Br. of Resp't at 7 (citing *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980)). Bottemiller does not propose a standard of review for this issue, but phrases his argument in terms of "insufficient evidence." Br. of Appellant at 19. As discussed in the main text, post-acquittal cost proceedings are civil so this court reviews using the civil substantial evidence standard.

4

verdict." *Gorman v. Pierce County*, 176 Wn. App. 63, 87, 307 P.3d 795 (2013). Substantial evidence is evidence "sufficient to persuade a rational, fair-minded person that the finding is true." *Cantu v. Dep't of Labor & Indus.*, 168 Wn. App. 14, 21, 277 P.3d 685 (2012). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *McCoy v. Kent Nursery, Inc.*, 163 Wn. App. 744, 769, 260 P.3d 967 (2011).

In this case, all of the witnesses agreed that Bottemiller was selling drugs from the motel room. Many witnesses, including Bottemiller, testified that Gritzke tried to rob Bottemiller of his drugs. This robbery and Bottemiller's fear of Gritzke then led to Bottemiller shooting Gritzke. This scenario was consistent with Bottemiller's theory of the case in closing arguments. A reasonable trier of fact could find from the evidence presented that Bottemiller "was engaged in criminal conduct substantially related" to the murder charge. RCW 9A.16.110(3).

Bottemiller contends that "[e]ven if Mr. Bottemiller had no drugs or money on his person, Mr. Gritzke would still have found some excuse to enter the room and assault Mr. Bottemiller." Br. of Appellant at 20 (emphasis omitted). He does not provide any citation or support for this statement and we reject it.

Bottemiller also contends that Gritzke's motivations were unrelated to Bottemiller's drug dealing, but entirely focused on Bottemiller's alleged impersonation of Gritzke. The purpose of Bottemiller allegedly impersonating Gritzke was to acquire drug customers and sell drugs, a reason wrapped up in Bottemiller's criminal conduct. To the extent the impersonation provides a motive distinct from drug robbery, we defer to the trier of fact where witnesses provided conflicting evidence.

We conclude that whether Bottemiller's drug dealing was "substantially related" to the charged crime was appropriately a question for the jury and that substantial evidence supported the jury's decision.

Bottemiller contends that the trial court abused its discretion by denying him any reimbursement of attorney fees, costs, or expenses related to his defense. He claims that defendants who "successfully assert[] self-defense [are] entitled to full reimbursement unless [their] initial criminal conduct is so heinous that some reduction is warranted." Br. of Appellant at 28. Bottemiller largely relies on *State v. Anderson*, 72 Wn. App. 253, 863 P.2d 1370 (1993), a case that interpreted a prior version of RCW 9A.16.110.[2] We disagree with Bottemiller.

Once the jury finds that a defendant "engaged in criminal conduct substantially related" to the charged crime, "the judge may deny or reduce the amount of the award." RCW 9A.16.110(3). "In determining the amount of the award, the judge shall also consider the seriousness of the initial criminal conduct." RCW 9A.16.110(3). We review the amount of a fee award under RCW 9A.16.110 for an abuse of discretion. *See State v. Villanueva*, 177 Wn. App. 251, 254 n.1, 311 P.3d 79 (2013). A trial court abuses its discretion where it makes a manifestly unreasonable decision or bases its decision on untenable grounds or reasons by applying the wrong legal standard or relying on unsupported facts. *State v. Cayetano-Jaimes*, 190 Wn. App. 286, 295, 359 P.3d 919 (2015).

---

[2] Bottemiller further claims that, because the jury's finding of his criminal conduct was not supported by sufficient evidence, the trial court "never lawfully obtained the discretion" to reduce or eliminate his cost award. Br. of Appellant at 22-23. This argument is contingent on the substantial evidence argument discussed in the previous section and we reject it because substantial evidence supported the jury's findings.

In *Anderson*, 72 Wn. App. at 257, the defendant ingested cocaine and alcohol and "deliberately sought out a drug transaction in a high crime area while armed with a loaded handgun," leading to a confrontation where he shot two men. (Internal quotation marks omitted). The trial court denied him recovery under former RCW 9A.16.110, ruling that the legislature had not intended to provide compensation to such defendants. *Anderson*, 72 Wn. App. at 258. On appeal, the court concluded that RCW 9A.16.110 did "not disqualify a claimant from recovering appropriate expenses because he or she [was] of bad character, or because the need to use self-defense was precipitated by unsavory or even illegal activities." *Anderson*, 72 Wn. App. at 259. Because the jury had found self-defense by a preponderance of the evidence and the defendant had incurred "loss of time, legal fees, or other expenses," to establish self-defense, the court reversed. *Anderson*, 72 Wn. App. at 260, 264.

Since *Anderson*, the legislature added subsection (3) to RCW 9A.16.110, providing trial courts with discretion to deny or reduce cost awards to defendants engaged in criminal conduct substantially related to the charged crime. LAWS OF 1995, ch. 44 § 1. In amending the statute, the legislature specifically noted the facts of *Anderson* and stated, "Concern has been raised that this situation was not what the Legislature intended the self-defense reimbursement statute to cover." S.B. 5278, 54th Leg., Reg. Sess. (Wash. 1995).

Bottemiller's reliance on *Anderson* ignores the subsequent legislative amendments that specifically responded to *Anderson*'s facts. Bottemiller emphasizes that "*Anderson* has never been overruled or abrogated following the 1995 amendments," Br. of Appellant at 27 (emphasis omitted), but ignores that the statutory amendments themselves constituted a legislative response

7

to that case and would likely change its outcome.[3] Under the version of the statute in effect at the time of *Anderson*, Bottemiller would undoubtedly recover his costs. The exception added by the amendments is the central basis for denying Bottemiller costs, making *Anderson*'s reasoning unhelpful.

As discussed above, the evidence demonstrated Bottemiller's involvement in drug distribution. His criminal conduct was directly related to his conflict with Gritzke that ended in Gritzke's death. Bottemiller contends his criminal conduct was minor and that the legislature "did not intend that a trial court could deny all reimbursement simply because a defendant committed some minor infraction." Br. of Appellant at 27 (emphasis omitted). Bottemiller's criminal activity in this case was substantial and the gravity of his crimes and degree to which to reduce the award were both for the trial court to decide. Because its decision does not seem manifestly unreasonable given Bottemiller's criminal conduct, we conclude it did not abuse its discretion.

We Affirm.

## ATTORNEY FEES

Bottemiller contends he is entitled to his reasonable fees on appeal pursuant to RAP 18.1 and RCW 9A.16.110. Because we rule against Bottemiller, we do not award him fees for this appeal.

---

[3] Relying on *State v. Jones*, 92 Wn. App. 555, 964 P.2d 398 (1998), Bottemiller additionally argues that fee reimbursement is mandatory and the State is required to reimburse in all self-defense cases. *Jones* decided whether fees related to a mistrial were recoverable where the defendant was later acquitted. 92 Wn. App. at 561. The case did not implicate the criminal conduct provision and the court did not discuss it. *See generally Jones*, 92 Wn. App. 555.

RAP 18.1 permits recovery of reasonable attorney fees on appeal if applicable law grants that right. RCW 9A.16.110(2) permits an award of "all reasonable costs, including loss of time, legal fees incurred, and other expenses involved" in the defense of a defendant who successfully argues self-defense.

We deny Bottemiller's request for fees for bringing this appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Glasgow, J.