[No. 46477. En Banc. November 26, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL MANUEL, JR., *Appellant.*

696

*Allen & Hansen,* by *David Allen,* for appellant.

*Norm Maleng, Prosecuting Attorney, Lee D. Yates, Senior Deputy,* and *Marilyn B. Pearson, Deputy,* for respondent.

ROSELLINI, J.—The appellant was charged with second degree murder in the shooting death of a woman who had been a guest in his home at the time. The events were witnessed only by the appellant and a woman who lived with him. Her version of the shooting has not been included in the record brought to this court, nor have the statements which the appellant gave to police after his arrest. According to his version of the occurrence, he had met the woman in a tavern and had invited her to his home. While he and the victim were drinking together, he had brought two pistols out to show her at her request. Later, his housemate came home and protested the presence of another woman in her home.

Drinking and discussion continued, and the victim became increasingly hostile. While the appellant was out of

the kitchen, where the three were gathered, she obtained one of the pistols and, on his return, pointed it at him. He grabbed her hand and twisted it back toward her and the gun discharged, the bullet hitting her in the head and killing her almost instantly.

The story which the appellant told at the trial was not altogether consistent with the statements which he had given to officers shortly after the shooting; and other circumstances tended to cast doubt on the accuracy of his version of the events.

The court defined second degree murder as follows:

> A person commits the crime of murder in the second degree when with intent to cause the death of another person but without premeditation, he or she causes the death of such person unless the killing is excusable or justifiable.

Instruction No. 7. It instructed on lesser included crimes and gave self-defense and accidental homicide instructions, as well as an instruction regarding the State's burden of proving guilt beyond a reasonable doubt. A general verdict of acquittal was returned. The appellant then moved for an order requiring the State to pay his legal fees and expenses, pursuant to RCW 9.01.200.

That statute reads:

> No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself, his family, or his real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of aggravated assault, armed robbery, holdup, rape, murder, or any other heinous crime.
>
> When a substantial question of self defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his defense.

Laws of 1977, 1st Ex. Sess., ch. 206, § 8, p. 779; RCW 9.01.200.

Denying the motion, the trial court observed that the jury verdict did not necessarily reflect a finding that the appellant acted in self–defense. The court expressed the opinion that the jury probably thought the appellant was guilty, but was not convinced beyond a reasonable doubt. Thus, the court concluded that the "not guilty" verdict did not amount to a jury finding that the appellant's acts were justified, as that term was used in RCW 9.01.200.

■ We are in agreement with that conclusion. The jury was not instructed that the appellant had any burden of proving that his act was justified.[1] Thus the general verdict of not guilty was not necessarily based upon a finding that the appellant killed the victim in self–defense. It could well have meant no more than that the jury was in doubt upon that question.

---

[1]Prior to 1975, the statute defining murder in the second degree read, in pertinent part:

The killing of a human being, unless it is excusable or justifiable, is murder in the second degree when—

(1) Committed with a design to effect the death of the person killed or of another, but without premeditation; or

RCW 9.48.040(1); Laws of 1909, ch. 249, § 141, p. 930.

In *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), this court held that lack of justification was an element of the crime of second degree murder under that statute, and consequently that where self–defense was asserted in justification of a killing, the defendant's only burden was to produce some evidence tending to establish that defense. Formerly it had been held that a defendant sustains his burden of proof if, from a consideration of all the evidence in the case, the jury has a reasonable doubt as to whether or not the killing was done in self–defense. *See State v. Turpin,* 158 Wash. 103, 290 P. 824 (1930). Under neither of these rules did a defendant have the burden of establishing his defense by so much as a preponderance of the evidence.

In adopting the criminal code in 1975, the legislature omitted any reference to excuse or justification in its definition of second degree homicide. *See* RCW 9A.32.050. We have not yet had occasion to consider what effect, if any, this omission has had upon the burden of proving justification or excuse. *See State v. King,* 92 Wn.2d 541, 599 P.2d 522 (1979). The United States Supreme Court has held in *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977), that the federal due process clause does not prevent a state from imposing upon a defendant the burden of proving justification or excuse by a preponderance of the evidence.

As we read the statute, it was the intent of the legislature that where it clearly appears that a person has used reasonable and necessary force to defend himself or others, he shall not be prosecuted. But where there is a substantial question as to whether his acts were justified, that is, where the question is in doubt and he is subjected to prosecution, he is entitled to recover his legal fees and expenses and time loss if and when it is subsequently judicially determined that his actions were justified within the intent of that section. As the Court of Appeals noted in *State v. Crigler*, 23 Wn. App. 716, 598 P.2d 739 (1979), this statute contemplates an objective determination that the person's actions were justified, whereas justification in defense of a charge of assault or homicide is determined by examining the situation as it appeared to the defendant, under all of the circumstances.

Furthermore, the statute requires a "full determination of the facts," which in a given case may well include the consideration of evidence which might be inadmissible in a criminal trial, but admissible in a civil proceeding. The import of the statute is that all relevant evidence should be considered. For these reasons alone, a general verdict in a criminal case is not sufficient to establish justification under the statute.

Unfortunately, the legislature did not prescribe a procedure for securing a "full determination of the facts" and of the question whether the applicant's acts were justified, within the intent of the section—that is, justified by objective standards.

However, the statute having provided a right of recovery, it is incumbent upon the court to devise a remedy. *See* 2A C. Sands, *Sutherland's Statutes and Statutory Construction* § 55.03 (4th ed. 1973). Here, the State suggests that the most expeditious procedure is to submit special interrogatories to the jury which tries the criminal case. Such interrogatories would, of course, inquire whether the jury was convinced, upon a preponderance of the evidence, that

the defendant was in fact in danger, that he had not provoked or invited that danger, and that the means which he used were only those which were reasonably necessary to achieve the protection authorized in the statute. While the statute does not expressly declare that the person claiming reimbursement must himself be free of fault, such a requirement is implicit. The statute was obviously designed to shield persons who are innocently attacked—or who come to the aid of others so attacked, and not to reward persons who have invited violence.

We are in agreement with the appellant that to submit such interrogatories to the jury for consideration at the same time that it is considering its verdict would constitute a hazard to proper jury deliberations, diverting the focus of its attention from the question of the defendant's guilt or innocence to a collateral claim. That such a procedure may raise serious constitutional objections, *see United States v. Spock,* 416 F.2d 165 (1st Cir. 1969).

A better procedure, we believe, would be to submit the questions to the jury after its verdict has been returned. Additional evidence can be taken, if needed, and the jury should be instructed that the burden is on the defendant to prove by a preponderance of the evidence that his acts were reasonably necessary to defend himself or another against an attack which he did not provoke or invite.

Inasmuch as it is now too late to submit the questions to the jury which tried the criminal case, the appellant must pursue his claim in a civil action.

The court correctly refused to award the appellant his fees and costs, since the verdict did not embody a finding that his actions were justified within the intent of RCW 9.01.200.

The order is affirmed.

UTTER, C.J., and STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied December 24, 1980.