[No. 11234–5–II. Division Two. August 16, 1989.]

THE STATE OF WASHINGTON, *Appellant,* v. WALTER EUGENE WATSON, *Respondent.*

*John W. Ladenburg, Prosecuting Attorney,* and *H. Eben Gorbaty, Deputy,* for appellant.

*John B. Atkinson* and *Charles J. Herrmann,* for respondent.

PETRICH, J.—The State appeals the trial court's award to the defendant reimbursing him for his legal fees, defense expenses, and loss of time pursuant to RCW 9.01.200.

The issue on appeal is whether the trial court erred in awarding the defendant his loss of time, legal fees, and expenses based on a special interrogatory to the jury defining the basis of the acquittal without instructing the jury on the burden of proof and without conducting a separate evidentiary hearing. We reverse.

The defendant, Walter E. Watson, was tried by a jury on a charge of second degree murder in February 1987. He claimed self–defense and the jury returned a verdict of not guilty. After the verdict was returned, the defendant sought reimbursement from the State for his legal fees pursuant to RCW 9.01.200.[1]

The trial court resolved the question of entitlement to reimbursement for loss of time, legal fees, and expenses by simply submitting an interrogatory to the same jury inquiring whether the not guilty verdict was based on justifiable homicide or self–defense. Based on the jury's affirmative response, the trial court entered judgment against the State. The State does not challenge the reasonableness of the amounts awarded but argues here, as it did below, that the question of reimbursement for such items could only be resolved by the jury after a new evidentiary hearing with instructions on the burdens of proof as in a civil rather than a criminal trial. We agree.

The statute does not set out the specific procedure to be followed in determining whether a defendant qualifies for the reimbursement. The Supreme Court of Washington devised such a procedure when the need arose in *State v. Manuel*, 94 Wn.2d 695, 619 P.2d 977 (1980).

█ First, the jury must be instructed that the burden is upon the defendant to prove by a preponderance of the

---

[1]The statute reads:

"No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself, his family, or his real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of aggravated assault, armed robbery, holdup, rape, murder, or any other heinous crime.

"When a substantial question of self defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his defense." Former RCW 9.01.200.

evidence that his acts were reasonably necessary to defend himself or another against an attack which he did not provoke or invite. *Manuel,* 94 Wn.2d at 700. Second, the statute requires an objective determination that the defendant's actions were justified. *Manuel,* 94 Wn.2d at 699. Third, the statute requires a full determination of the facts by considering evidence which may have been inadmissible at trial. *Manuel,* 94 Wn.2d at 699. Therefore, by implication, *Manuel* requires a separate or supplemental hearing before the jury.

The trial court did not comply with these requirements. The jury was not instructed that the defendant had the burden to prove that he was justified by the preponderance of the evidence or that an objective rather than a subjective standard was to be followed in determining whether the defendant was justified. Furthermore, the court refused to hold a separate evidentiary hearing.

We are sympathetic to the trial court's concerns relating to the processing of a civil claim within the context of a criminal proceeding as required by *Manuel.* Nevertheless, once the State Supreme Court has decided an issue of state law, that interpretation is binding on all lower courts until overruled by the Supreme Court. *State v. Gore,* 101 Wn.2d 481, 487, 681 P.2d 227, 39 A.L.R.4th 975 (1984).

We do not find it necessary to address the State's challenge to the statute on constitutional grounds. An issue will not be decided on constitutional grounds if it can be decided on any other grounds. *Tropiano v. Tacoma,* 105 Wn.2d 873, 877, 718 P.2d 801 (1986); *State v. Claborn,* 95 Wn.2d 629, 632, 628 P.2d 467 (1981).

Inasmuch as it is now impossible to submit the question to the jury which tried the criminal case, Watson must pursue his claim in a civil action.

324

Reversed.

ALEXANDER, C.J., and WORSWICK, J., concur.