[No. 32658-9-I.    Division One.    July 5, 1994.]

Ronald L. Rismon, *Appellant*, v. The State of Washington, *Respondent*.

*C. James Frush, Karen J. Vanderlaan, B. Jeffrey Carl,* and *Helsell, Fetterman, Martin, Todd & Hokanson,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Carl Berton Paul, Assistant,* for respondent.

WEBSTER, C.J. — Ronald Rismon appeals a summary judgment order denying his request for reimbursement for the approximately $23,000 he incurred in defending himself against criminal charges brought by the State.

## FACTS

Rismon was charged with one count of second degree assault. Trial began in September 1990. During jury deliberations it was learned that the alternate juror had gone into the jury room with the deliberating members. Rismon moved for mistrial. The court questioned the alternate juror, determined that she had not participated in any regard in the deliberations, and stated that the court "was not inclined initially, certainly, to grant mistrial because of the presence of the 13th juror". However, at about the same time, the jury sent out a note asking the court what it should write for a hung jury. Rismon moved again for mistrial and this time the court granted it, based on the "combination of events". Shortly after the mistrial was declared, the jury advised the court it had reached a verdict. The court then asked Rismon if he still wanted a mistrial. Rismon said he did, and the court granted it. Rismon asked the court the results of the verdict, and the court said it was a not guilty verdict. Over $1^{1}/_{2}$ years after the conclusion of this case, in September 1992, Rismon commenced a civil action seeking reimbursement for expenses he incurred in defending himself in the criminal action. The State moved for summary judgment, and it was granted. Rismon appeals.

## I

Rismon claims that though his case does not fit the letter of the statute, the policy underlying RCW 9A.16.110 is to reimburse defendants such as himself who are placed in

legal jeopardy but whose actions are justified on grounds of self-defense. He adds that the State should not be permitted to defeat the right to reimbursement provided by RCW 9A.16.110 by electing to dismiss criminal charges with prejudice after the criminal proceeding ends in mistrial.

Statutory construction involves a question of law to be reviewed de novo. *State v. Joswick*, 71 Wn. App. 311, 315, 858 P.2d 280 (1993). The statute at issue, former RCW 9.01.200, was recodified in 1989 as RCW 9A.16.110 and provides in pertinent part:

> (2) When a substantial question of self defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his or her defense. This indemnification or reimbursement is an award of reasonable costs which include loss of time, legal fees, or other expenses and is not an independent cause of action. The determination of an award shall be by the judge or jury at the discretion of the judge in the criminal proceeding. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence: PROVIDED, HOWEVER, That nothing shall preclude the legislature from granting a higher award through the sundry claims process.

> . . . .

> (4) Whenever the issue of self defense under this section has been submitted to a jury, and the jury has found the defendant not guilty, and the judge has submitted an award determination to the jury, the court shall instruct the jury to return a special verdict in substantially the following form:

|  |  | answer yes or no |
|---|---|---|
| 1. | Was the finding of not guilty based upon self defense? | . . . . . |
| 2. | If your answer to question 1 is no, do not answer the remaining question. |  |
| 3. | If your answer to question 1 is yes, was the defendant: |  |
| a. | Protecting himself or herself? | . . . . . |
| b. | Protecting his or her family? | . . . . . |
| c. | Protecting his or her property? | . . . . . |

    d.  Coming to the aid of another who was in
       imminent danger of a heinous crime?     . . . . .

    e.  Coming to the aid of another who was
       the victim of a heinous crime?     . . . . .

■ ■ Thus, under this statute, before the judge or jury can consider reimbursement, the factfinder must have found the defendant not guilty in the criminal proceeding and must have determined that this verdict, by a preponderance of the evidence, was based on self-defense. RCW 9A.16.110(4). " 'Where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself.' " *Jones v. Stebbins,* 122 Wn.2d 471, 475, 860 P.2d 1009 (1993) (quoting *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 750, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985)). In RCW 9A.16.110(4), the Legislature has required a not guilty verdict as a prerequisite to reimbursement. Here, no verdict was taken. Thus, there was no not guilty verdict for purposes of RCW 9A.16.110(4), and Rismon should not be permitted to pursue an action for reimbursement.[1]

■ Additionally, Rismon seeks reimbursement in an independent civil action. This case arises from a civil suit Rismon filed more than $1^{1}/_{2}$ years after the State dismissed criminal charges against him. When the Legislature recodified RCW 9.01.200 by enacting RCW 9A.16.110, it explicitly provided that there was no independent action for reimbursement, stating that the reimbursement award must be determined "by the judge or jury at the discretion of the judge *in the criminal proceeding.*" (Italics ours.) RCW 9A.16. 110(2). Thus, Rismon may not pursue his claim in an independent civil action.[2] Here, Rismon made a tactical decision

---

[1]Conceding no verdict was taken, Rismon asserts that his right to seek reimbursement would not have been barred had the State retried him following the mistrial. However, had the Legislature seen fit to extend reimbursement to cover situations such as the one at issue, or any others, it would have done so when it amended the statute in 1989. *See State ex rel. Hagan v. Chinook Hotel, Inc.,* 65 Wn.2d 573, 578, 399 P.2d 8 (1965). Furthermore, Rismon's argument assumes that another jury would acquit him.

[2]This provision effectively foreclosed the pre-RCW 9A.16.110 route taken by the Supreme Court in *State v. Manuel,* 94 Wn.2d 695, 700, 619 P.2d 977 (1980),

not to receive the verdict. When asked by the court whether he would take the verdict or the mistrial, he chose the mistrial.[3] He refused to take the verdict even though it had been made clear that the alternate juror had taken no part in any aspect of the jury's deliberations.

■ Rismon argues further that if the express terms of the statute deny him reimbursement, this court should remedy the problem here[5] as the *Manuel* court remedied the problem before it, so that the intent of the Legislature is not defeated. " 'But, whether the seeming lack of logic in this situation is the product of inadvertence or intention, the fact remains that the act lacks such a provision. The court cannot read into a statute anything which it may conceive that the legislature has unintentionally left out." *State ex rel. Hagan v. Chinook Hotel, Inc.,* 65 Wn.2d 573, 579, 399 P.2d 8 (1965) (quoting *Department of Labor & Indus. v. Cook,* 44 Wn.2d 671, 269 P.2d 962 (1954)). Judicial review of legislation does not carry with it a license to modify or amend legislative enactments. *Frank v. Fischer,* 46 Wn. App. 133, 140, 730 P.2d 70 (1986), *aff'd,* 108 Wn.2d 468, 739 P.2d 1145 (1987). Furthermore, in *Joswick,* the court was firm in holding that there would be no reimbursement where the defendant's case fell without the terms of the statute. *Joswick,* at 317.

---

where the court recognized that RCW 9.01.200 provided a right to reimbursement but no remedy. *Manuel,* at 699. The court noted that the Legislature had failed to prescribe a procedure for securing a full determination of the facts and of the question of whether the applicant's acts were justified within the intent of the section. *Manuel.* Thus, the court devised the remedy of submitting special interrogatories to the jury that tries the criminal case. *Manuel,* at 700. Because it was too late to submit questions to the jury that sat on Manuel's criminal case, the court permitted Manuel to seek reimbursement in an independent civil action. *Manuel.*

[3]That his choice was strategic is indicated by defense counsel's remark when the court related the verdict to him: "Sometimes you call them wrong, your Honor".

[5]Namely, where a defendant is subjected to trial, the court declares a mistrial, and the State later voluntarily dismisses the charges with prejudice thus foreclosing the defendant's right to reimbursement.

## II

Rismon claims that the court's order of summary judgment dismissing his request for reimbursement violated his constitutional equal protection and due process rights.

Rismon did not raise these arguments before the trial court. In Washington, except for cases involving denials of fundamental constitutional rights in criminal trials or contentions which affect the jurisdiction of the court, constitutional issues not presented to or considered by the trial court will not be considered on appeal. *Aripa v. Department of Social & Health Servs.*, 91 Wn.2d 135, 141, 588 P.2d 185 (1978). There are no such issues in this case. Nonetheless, we have considered Rismon's arguments and we find them meritless.

■ Equal Protection. Rismon asserts that the summary judgment order allowed the State to treat differently two defendants who act in self-defense which violated his equal protection rights: in one case the State elects to drop charges as to one of the defendants after a mistrial, while proceeding a second time against the other. The equal protection standard requires that legislation "classify the persons it affects in a manner rationally related to legitimate governmental objectives", that "the classificatory scheme must 'rationally advanc[e] a reasonable and identifiable governmental objective.'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 439, 71 L. Ed. 2d 265, 102 S. Ct. 1148, 1159-60 (1982). RCW 9A.16.110 intends to provide for reimbursement only when a criminal defendant is acquitted due to self-defense. A prosecutor's order of dismissal is not a finding that acquittal was due to self-defense. It is rational for the Legislature to require that reimbursement occur only when acquittal is due to self-defense and such a determination has been left exclusively to a neutral finder of fact.

Due Process. To support his due process claim, Rismon cites *Logan* where the issue was whether a state may terminate a complainant's cause of action because a state official failed to comply with a statutorily mandated procedure. *Logan*, at 426-27. Rismon asserts that here the trial judge

failed to comply with a mandated procedure by permitting the 13th juror to remain in the jury room during deliberations. The only statutorily mandated procedure at issue, however, is RCW 9A.16.110's procedure that following a not guilty verdict, the judge or jury can consider reimbursement under the procedures set forth in RCW 9A.16.110. Rismon chose to reject the jury verdict in the criminal proceeding and instead take a mistrial. In so doing, Rismon chose not to permit the statutory procedure to occur. He cannot now complain that the statutory procedure was not followed.

We affirm.

COLEMAN and AGID, JJ., concur.