[No. 15639-7-III. Division Three. November 25, 1997.]

THE STATE OF WASHINGTON, *Appellant*, v. PHIL SANG PARK, *Respondent*.

*Christine O. Gregoire, Attorney General,* and *Carl B. Paul, Assistant*; and *Ray D. Lutes, Prosecuting Attorney,* for appellant.

912

*Connie W. Taylor* of *Clark & Feeney*, for respondent.

SWEENEY, C.J. — To protect the right of Washington citizens to use lawful force in self-defense, the Legislature has provided for State reimbursement of the costs of successfully defending against a criminal prosecution for assault. RCW 9A.16.110. Following a finding of not guilty by reason of lawful use of force in self-defense, RCW 9A.16.110 sets out a two-part process: The jury must affirm by special verdict that its verdict of acquittal was predicated on lawful force. If it was, the court determines the amount of the award. RCW 9A.16.110(2), (5). As a further protection, the statute also provides for direct application to the Legislature for reimbursement under the sundry claims process, RCW 4.92.040, if reimbursement is denied by the court. The question presented here is whether, if misapplication of the statute invalidates the special verdict, and the jury is dismissed, can the court vacate the erroneously obtained special verdict, reimpanel the original jury and order a new hearing on the issue of lawful force? We hold that the court properly vacated the special verdict, but no mechanism exists for providing a new hearing. Accordingly, Mr. Park's only remedy is to seek redress in the Legislature under the sundry claims process.

## FACTS

On December 26, 1995, a jury acquitted Phil Sang Park, based on self-defense, of first degree, second degree, and third degree assault. He claimed statutory reimbursement of his defense costs under RCW 9A.16.110. On December 27, the court, in conference with both counsel, improvised a procedure to determine his eligibility.

The court consulted the obsolete 1989 version of RCW 9A.16.110(2), which read in pertinent part: "The determination of an award shall be by the judge or jury at the discretion of the judge in the criminal proceeding. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence . . . ." The court was uncertain how to proceed, but concluded the participation of the jury was discretionary. The court, with counsel, devised a procedure whereby a special interrogatory would be submitted to the jury without argument, asking the jury to state the reason for its not guilty verdict. But court and counsel assumed that the jury's response to this interrogatory would be purely advisory. The court would then hear argument of counsel and render the final decision. The State proposed argument to the jury before the special verdict, but the court and defense counsel thought this unnecessary.

The court put the following special verdict to the jury without explanation, because it believed Mr. Park might be prejudiced if the jury was told it was voting on whether the taxpayers would pay Mr. Park's lawyers:

> You are requested to determine whether the Defendant proved his claim of lawful force by a preponderance of the evidence. When it is said that a claim must be proved by a preponderance of the evidence, it means that you must be persuaded, considering all the evidence in the case, that the claim is more probably true than not true.

> Since this special verdict relates to a civil question, only ten of you must agree.

> 1. Was the finding of not guilty based upon Defendant's claim of lawful force?

> ____ Yes ____ No

The jury answered 11 to 1 "No."

On January 11, 1996, still relying on the wrong statute and the court's prior assurance the special verdict was not binding, Mr. Park moved to amend that verdict and grant

reimbursement, citing irregular proceedings under CR 59(a)(1), inconsistency of the civil and criminal verdicts under CR 59(a)(7), and the court's supposed discretion under the statute.

■ In opposing the motion, the State for the first time introduced the currently operative statutory language: "To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence. If the trier of fact makes a determination of self-defense, the judge shall determine the amount of the award." RCW 9A.16.110(2). This language predicates the award of costs on affirmation by the criminal trial jury that acquittal had been based on lawful force. In hearings on the motion, the court expressed concern the flawed procedure had confused the jury and prejudiced Mr. Park. It noted the supposed advisory nature of the special verdict had removed any incentive for the defense to object. It concluded that Mr. Park was without a remedy unless the court devised one. And it considered a number of possible remedies. It then entered an order recalling the original jurors and scheduling a new hearing.

On March 6, 1996, the State moved for reconsideration of the order and moved pursuant to CR 54(e) for entry of judgment on the special verdict. The court denied the motion. The State appeals.

## DISCUSSION

When an order to vacate a judgment and grant a new trial is based solely on an issue of law, there is no exercise of discretion, and this court reviews the record de novo for error in application of that law. *State v. Murrin*, 85 Wn. App. 754, 757-58, 934 P.2d 728 (1997); *State v. Bryant*, 78 Wn. App. 805, 809, 901 P.2d 1046 (1995).

■ The statute relied on by the court was the 1989 version of RCW 9A.16.110. It gave the court discretion to discharge the jury and award costs automatically on the

strength of a not guilty verdict. Former RCW 9A.16.110(2). But this discretion was eliminated in a revision that went into effect in July 1995 and appeared in the pocket part in 1996. The court overlooked this version. The revised statute does not authorize any reimbursement except on a special verdict on the issue of lawful use of force *by the jury rendering the verdict of acquittal*. RCW 9A.16.110(2); *State v. Watson*, 55 Wn. App. 320, 323, 777 P.2d 46 (1989).

Vacation of the Special Verdict. Following a bench trial, a court can reconsider the findings and amend the judgment. CR 59(g). The findings and verdict of a jury can be vacated and a new trial ordered under CR 59(a)(1). Here, the special verdict was based on an erroneous construction of a repealed statute, and this procedural irregularity certainly justifies vacation of that verdict. Mr. Park's motion was properly treated as a motion to vacate and was properly granted.

In *State v. Manuel*, 94 Wn.2d 695, 619 P.2d 977 (1980), the court established the procedural requirements for reimbursement. The reimbursement proceedings are conducted under the civil rules of procedure and evidence. The civil standard of self-defense applies; its focus is entirely objective. The subjective considerations which inhere in the criminal standard are not an element. The burden of proof shifts. In the criminal trial, the State must prove beyond a reasonable doubt the force was not lawful. In the civil proceeding, the defendant is required to show by a preponderance of the evidence that his acts were "reasonably necessary to defend himself or another against an attack which he did not provoke or invite." *Manuel*, 94 Wn.2d at 700. A jury could be unconvinced of the defendant's guilt beyond a reasonable doubt but also find self-defense was not established by a preponderance. Implementation of RCW 9A.16.110, therefore, requires a supplementary hearing with additional evidence (which may have been inadmissible in the criminal prosecution) and argument. *Manuel*, 94 Wn.2d at 700. Simply submitting an interrogatory on the reason for the verdict is not

enough. *Watson*, 55 Wn. App. at 322-23. In its reply brief, the State discounts *Manuel* and *Watson* because they construe former RCW 9.01.200, which was recodified as RCW 9A.16.110 in 1989. These cases construe the substantive portions of the statute and their authority is undiminished. *State v. Joswick*, 71 Wn. App. 311, 316, 858 P.2d 280 (1993).

The State argues that Mr. Park was not prejudiced by the erroneous procedure. The trial court disagreed. It noted the lack of opportunity to present additional evidence and argument and the haste with which the special interrogatory was put to the jury—a jury "chomping to get out of there." The court also regretted its decision to keep the jury in the dark about the purpose of the special verdict. It feared this had permitted the jury to form the impression Mr. Park was planning a civil lawsuit against the victim.

The State places great emphasis on the adequacy of the jury instructions and Mr. Park's failure to object to them before the verdict. The instructions may have been adequate for the special interrogatory the jury received. But the interrogatory itself, in the absence of a hearing or even an explanation of the purpose or nature of the proceeding, was insufficient to sustain the verdict. *Watson*, 55 Wn. App. at 322-23. The court did not abuse its discretion in setting the special verdict aside.

New Hearing. The grant of a new hearing was, however, erroneous because no legal mechanism exists under which to conduct a new hearing. A new hearing requires either the old jury or a new jury, or a bench trial. But none of these is possible here.

The statute provides neither for impaneling a new jury nor for the judge to proceed without the jury's participation. The statute requires that the determination be made by means of a special verdict on the issue of self-defense by the jury rendering the acquittal in the criminal trial. The judge then sets the amount. RCW 9A.16.110(2), (5). Only the original jury can fulfill the requirements of the

statute, since a new jury cannot advise the court on the basis for the verdict of a prior jury. And the court cannot make a finding of lawful force predicated solely on the not guilty verdict. *Manuel*, 94 Wn.2d at 698. However, the old jury, once discharged, can never again function as a jury. *Beglinger v. Shield*, 164 Wash. 147, 152, 2 P.2d 681 (1931); *State v. Zwiefelhofer*, 75 Wn. App. 440, 444, 880 P.2d 58 (1994).

█ The statute does contain a failsafe provision: the Legislature may grant an award under the sundry claims process, RCW 4.92.040. RCW 9A.16.110(3); *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 505, 909 P.2d 1294 (1996). This is the prescribed procedure when erroneous application of the statute makes it impossible to submit the question to the jury that tried the criminal case. *Watson*, 55 Wn. App. at 323.

█ There can be no statutory reimbursement except as provided by the statute. *Rismon v. State*, 75 Wn. App. 289, 292, 877 P.2d 697 (1994); *Joswick*, 71 Wn. App. at 317. The court relied on *Rismon* in concluding Mr. Park had no remedy outside the judicial proceedings at hand. *Rismon* is distinguishable, however. The defendant in that case had taken a mistrial after the jury had reached a verdict but before the verdict was announced. A subsequent poll of the jury disclosed that the verdict would have been for acquittal. On the strength of this poll, Mr. Rismon invoked RCW 9A.16.110. The court found the requirement of the statute for a not guilty verdict had not been met. *Rismon*, 75 Wn. App. at 292.

Mr. Park's claim was fully within the statute until it was placed irrevocably outside it by the failed procedure. The facts here more closely correspond to those in *Watson*, in which an interrogatory was submitted to the jury without the requisite evidentiary hearing. The court held that inasmuch as it was impossible to submit the question to the jury that tried the criminal case, the only recourse was to the nonjudicial remedy. *Watson*, 55 Wn. App. at 323.

918

We conclude the order to vacate was proper, but the only statutory remedy is through the sundry claims process. We therefore affirm the vacation of the special verdict and reverse the order for a hearing on reimbursement before the original reimpaneled jury.

KURTZ, J., and BURCHARD, J. Pro Tem., concur.