[No. 21016-9-II. Division Two. August 21, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES LEROY SIMS, *Appellant*.

[REDACTED]

*John A. Hays*, for appellant.

*James J. Stonier, Prosecuting Attorney*, and *Jill M. Johanson, Deputy*; and *Stephanie B. Mizrahi, Deputy Prosecuting Attorney for Stevens County*, for respondent.

ARMSTRONG, J. — James Leroy Sims was acquitted on two counts of second degree assault. Nevertheless, he appeals the trial court's failure to give a self-defense instruction. He claims that this alleged error deprived him of reimbursement for his costs and legal fees as authorized under RCW 9A.16.110.[1] He requests that a new jury be impaneled solely

---

[1]RCW 9A.16.110 provides in part:

**Defending against violent crime—Reimbursement.**

. . . .

(2) When a person charged with a crime listed in subsection (1) of this section is found not guilty by reason of self-defense, the state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense. This reimbursement is not an independent cause of action. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence. If the trier of fact makes a determination of self-defense, the judge shall determine the amount of the award.

to determine his right to compensation based on his claim of self-defense. Because Sims' remedy is through the State's sundry claims process, we decline to grant him a new jury trial on the issue of self-defense.

## FACTS

James Leroy Sims was charged with two counts of second degree assault for allegedly threatening Jason Smith and Lance Marshall with a rifle. Sims' response was that he acted in self-defense.[2] The alleged assaults occurred when Sims and his friend Vernon Melton had a confrontation with Smith and Marshall on a dead-end logging road used by hunters. During the confrontation, Marshall allegedly told Sims, "I'll kick your ass, old man." Sims then retrieved his rifle from the truck he had been riding in, pointed the rifle at the ground in Marshall's direction, and said, "You are not going to kick my ass. I'll blow your legs off." Sims, a 56-year-old retired tree feller with degenerative arthritis in his knees and back, testified that he thought Marshall was going to "kick my ass" and that he was likely to suffer severe injury due to his fragile condition. The victim, Lance Marshall, was 25 years old, 6'3" tall, and weighed 250 pounds.

Sims proposed WPIC 17.02 on self-defense, but the trial court refused to give it. Instead, the court instructed the jury that, as a matter of law, they could not consider self-defense. The jury acquitted Sims on both counts. Sims moved for reconsideration of the court's decision to instruct the jury to disregard self-defense and requested that a jury be convened to determine the issue of self-defense. The trial court denied Sims' request.

Sims contends that the trial court erred in failing to give a self-defense instruction, and therefore, he was denied his right of reimbursement for costs and legal fees under RCW

[2]Because Sims testified that he did not point the rifle at Jason Smith, his self-defense claim appears to apply only to Count II, the alleged assault on Lance Marshall.

9A.16.110. When a person charged with assault "is found not guilty by reason of self-defense, the state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense." RCW 9A.16.110(2). To be entitled to reimbursement, the trier of fact must find that the defendant sustained his claim of self-defense by a preponderance of the evidence. RCW 9A.16.110(2). Because reimbursement is not an independent cause of action, RCW 9A.16.110(2), and acquittal on the basis of self-defense is a predicate to reimbursement under the statute, *Rismon v. State*, 75 Wn. App. 289, 292, 877 P.2d 697 (1994), Sims asks us to reverse the trial court's decision to disallow a self-defense instruction and to remand with instructions to impanel a new jury to determine the issue of self-defense. We need not decide whether the trial court erred, however, because Sims' remedy is limited to the "sundry claims process" under RCW 4.92.040.[3]

 RCW 9A.16.110(3) provides that "[n]othing in this

[3]RCW 4.92.040 provides in part:

(5) All claims, other than judgments, made to the legislature against the state of Washington for money or property, shall be accompanied by a statement of the facts on which such claim is based and such evidence as the claimant intends to offer in support of the claim and shall be filed with the risk management office, which shall retain the same as a record. All claims of two thousand dollars or less shall be approved or rejected by the risk management office, and if approved shall be paid from appropriations specifically provided for such purpose by law. Such decision, if adverse to the claimant in whole or part, shall not preclude the claimant from seeking relief from the legislature. If the claimant accepts any part of his or her claim which is approved for payment by the risk management office, such acceptance shall constitute a waiver and release of the state from any further claims relating to the damage or injury asserted in the claim so accepted. The risk management office shall submit to the house and senate committees on ways and means, at the beginning of each regular session, a comprehensive list of all claims paid pursuant to this subsection during the preceding year. For all claims not approved by the risk management office, the risk management office shall recommend to the legislature whether such claims should be approved or rejected. Recommendations shall be submitted to the senate and house of representatives committees on ways and means not later than the thirtieth day of each regular session of the legislature. Claims which cannot be processed for timely submission of recommendations shall be held for submission during the following regular session of the legislature. The recommendations shall include, but not be limited to:

section precludes the legislature from using the sundry claims process to grant an award where none was granted under this section or to grant a higher award than one granted under this section." In *State v. Park,* Division Three reviewed an analogous situation and concluded that the appropriate remedy is the "sundry claims process" under RCW 4.92.040. *Park,* 88 Wn. App. 910, 918, 946 P.2d 1231 (1997). In *Park,* the defendant was acquitted of assault charges, but the trial court held that the special self-defense verdict was invalid because the court had misapplied the reimbursement statute.[4] *Id.* at 912-14. Because the defendant had been prejudiced, the trial court devised a remedy that would reassemble the jury to conduct a new hearing for purposes of reimbursement. Division Three rejected this remedy:

> The statute provides neither for impaneling a new jury nor for the judge to proceed without the jury's participation. The statute requires that the determination be made by means of a special verdict on the issue of self-defense by the jury rendering the acquittal in the criminal trial. The judge then sets the amount. RCW 9A.16.110(2), (5). Only the original jury can fulfill the requirements of the statute, since a new jury cannot advise the court on the basis for the verdict of a prior jury. And the court cannot make a finding of lawful force predicated solely on the not guilty verdict. [*State v.*] *Manuel,* 94 Wn.2d

(a) A summary of the facts alleged in the claim, and a statement as to whether these facts can be verified by the risk management office;

(b) An estimate by the risk management office of the value of the loss or damage which was alleged to have occurred;

(c) An analysis of the legal liability, if any, of the state for the alleged loss or damage; and

(d) A summary of equitable or public policy arguments which might be helpful in resolving the claim.

(5)[sic] The legislative committees to whom such claims are referred shall make a transcript, recording, or statement of the substance of the evidence given in support of such a claim. If the legislature approves a claim the same shall be paid from appropriations specifically provided for such purpose by law.

[4]The jury had responded "No" to the question "Was the finding of not guilty based upon Defendant's claim of lawful force?" *Park,* 88 Wn. App. at 913.

[695,] 698[, 619 P.2d 977 (1980)]. However, the old jury, once discharged, can never again function as a jury. *Beglinger v. Shield*, 164 Wash. 147, 152, 2 P.2d 681 (1931); *State v. Zwiefelhofer*, 75 Wn. App. 440, 444, 880 P.2d 58 (1994).

The statute does contain a failsafe provision: the Legislature may grant an award under the sundry claims process, RCW 4.92.040. RCW 9A.16.110(3); *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 505, 909 P.2d 1294 (1996). This is the prescribed procedure when erroneous application of the statute makes it impossible to submit the question to the jury that tried the criminal case. [*State v.*] *Watson*, 55 Wn. App. [320,] 323[, 777 P.2d 46 (1989)].

*Park*, 88 Wn. App. at 916-17.[5]

Sims is in the same position. The original jury has been discharged and can never again function as a jury. And a new jury cannot advise the court of the basis for the verdict of the former jury. Although Sims may be entitled to reimbursement, his remedy is through the sundry claims process.

Sims also raises an equal protection claim. He argues that a determination that he has no remedy creates two classes: (1) those who claim self-defense, receive an instruction, are acquitted, and are entitled to seek reimbursement; and (2) those who claim self-defense, do not receive an instruction, are acquitted, and are not entitled to reimbursement. Sims' equal protection claim is only valid if he has no remedy. *Fontanilla*, 128 Wn.2d at 505-06. Because Sims has a potential remedy under the sundry claims process, his equal protection argument fails.

Sims also argues that he is entitled to attorney's fees on appeal because the trial court's decision forced him to appeal in order to receive reimbursement under the statute.

---

[5]Although we adopt Division Three's analysis, we note that in the *Watson* decision we said "Inasmuch as it is now impossible to submit the question to the jury which tried the criminal case, Watson must pursue his claim *in a civil action.*" *Watson*, 55 Wn. App. at 323 (emphasis added). *Watson* was decided pursuant to former RCW 9.01.200 (recodified as RCW 9A.16.110 by LAWS OF 1989, ch. 94, § 2), which did not include the sundry claims process as a remedy and did not expressly preclude recovery in an independent cause of action.

Because we have denied Sims' request for a new jury, he is not entitled to attorney's fees on appeal. Sims' request for a new jury trial on the issue of self-defense is denied.

BRIDGEWATER, A.C.J., and MORGAN, J., concur.