[No. 22826-2-II. Division Two. October 2, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. DOUGLAS H. JONES, *Appellant*.

---

*Stephen L. Olson* of *Olson, Zabriskie & Campbell*; and *Harold Karlsvik*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Gregory P. Canova, Deputy*; and *Michael D. Smith, Prosecuting Attorney for Pacific County*, for respondent.

MORGAN, J. — After Douglas H. Jones was tried for second degree assault and acquitted on grounds of self-defense, he requested about $51,000 in costs and reasonable attorney fees, pursuant to RCW 9A.16.110. The trial court denied most of the request, and Jones filed this appeal. We reverse and remand for a new determination of costs and fees.

In June 1996, Jones and his wife, Carolyn, owned a gift shop and charter boat business in Ilwaco, Washington. They lived on their business premises. Next door was the Dockside Cannery.

After dark on June 16, 1996, Trooper Scott Johnson responded to a silent alarm at the Dockside Cannery. When he scanned the area with his flashlight, the beam shone into the Jones' living room, where Jones and his wife were watching a video. According to Jones, he thought a prowler was outside, because Johnson did not identify himself. According to Johnson, he did identify himself, to the point of shining his flashlight on his uniform. In any event, Jones pointed a handgun at the light, which promptly went out. Jones then went to the door, with his gun, and yelled, "Who is out there?" It is undisputed that Johnson identified himself at least at this point, and he and Jones then argued. Ultimately, Johnson left and Jones went back into his house.

On October 30, 1996, the State charged Jones with second degree assault with a deadly weapon. On November 25, 1996, Kris Zabriskie of Olson, Zabriskie & Campbell, a Montesano law firm, entered a notice of appearance as retained counsel for Jones. On the same date, Jones pleaded not guilty.

On February 3, 1997, a jury trial commenced. Both Zabriskie and her partner, Stephen L. Olson, tried the case for Jones. The next day, February 4, the jury deadlocked, six to six. The trial court declared a mistrial and ordered that a second trial commence on April 14, 1997.

On February 21, 1997, Olson, Zabriskie & Campbell moved to withdraw. They stated that Jones owed more than $9,000 in fees and "would financially benefit from court[-] appointed counsel at this time in his case."[1] Jones concurred in the motion, saying he had spent all his money on the first trial. On February 28, 1997, the trial court granted the motion and appointed the Pacific County public defender.

On April 14, 1997, a second trial commenced as scheduled. Harold Karlsvik, an assistant public defender, tried the case for Jones. The next day, the jury found Jones not guilty. In accordance with RCW 9A.16.110(5), the court then gave the jury a special verdict form, asking whether Jones, according to a preponderance of the evidence, had acted in self-defense. The jury answered yes.

On May 1, 1997, Jones submitted a motion, through Karlsvik, seeking reimbursement of costs and reasonable attorney fees pursuant to RCW 9A.16.110. That statute provides in part:

> (1) No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself or herself, his or her family, or his or her real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of assault, robbery, kidnapping, arson, burglary, rape, murder, or any other violent crime as defined in RCW 9.94A.030.

---

[1] Clerk's Papers at 9.

(2) When a person charged with a crime listed in subsection (1) of this section is found not guilty by reason of self-defense, the state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense. This reimbursement is not an independent cause of action. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence. If the trier of fact makes a determination of self-defense, the judge shall determine the amount of the award.

To support his motion, Jones submitted an affidavit in which he listed mileage at $438; meals for himself, witnesses and attorneys at $560; charts and other exhibits at $80; phone and fax charges at $110; time lost from his gift shop business at $800; time lost from his charter boat business at $3,640; profits lost from his charter boat business at $10,000;[2] and attorney fees at $35,283. The total came to $50,911.

To support part of his request for $35,283 in attorney fees, Jones submitted a bill he had received from Olson, Zabriskie & Campbell. Zabriskie had billed about $8,000 for pretrial appearances, trial preparation and trial attendance. Olson had billed about $3,500 for trial preparation and trial attendance. On June 6, their firm submitted a summary bill claiming a total of $11,079, representing 88.2 attorney hours at $125 per hour, and 1.2 paralegal hours at $45 per hour. To support the remainder of his request for $35,283 in attorney fees, Jones submitted a bill from the Miller Law Office, a Cheney, Washington law firm composed of Stephen C. Miller, attorney, and Anton J. Miller and Ronald L. Miller, research and investigative assistants.[3] The bill is for $23,691, representing 152.5 hours in "at-

---

[2]Jones asserted that the court proceedings had prevented him from refurbishing his charter boat for the upcoming 1997 season, and that he had lost $10,000 in profits as a result.

[3]According to the affidavit of Ronald L. Miller, he is an experienced but inactive member of the Oregon State Bar Association; his two brothers are both

torney and legal consulting fees"[4] charged at $150 per hour, plus $816 in expenses. An accompanying affidavit from Ronald L. Miller states, "Defendant hired me to plan the defense, and I[,] with the help of my two brothers[,] . . . did seventy[-]five percent of the trial preparation work."[5] The affidavit goes on to assert that Ronald L. Miller persuaded Olson, Zabriskie & Campbell to take the case; that he helped with research, police report and deposition analysis, and other trial preparation; and that when Olson, Zabriskie & Campbell withdrew, he helped Jones secure court-appointed counsel.[6] According to the dates set forth in the bill, most of the Miller firm's work was done while the Olson firm was counsel of record, but some was done while the Pacific County public defender was counsel of record.[7] Neither the Miller firm nor Stephen C. Miller ever appeared as counsel of record in this case.

Although Jones' motion for reimbursement was prepared and presented by Karlsvik while Karslvik was an assistant public defender, Karslvik went into private practice before the motion was heard. According to his affidavit, Jones paid him $1,000 to continue with the case as retained counsel.

When the State responded to the motion for reimbursement, it claimed that Jones was not entitled "to much more than nominal damages."[8] It argued that Jones should not receive attorney fees for the first trial, because that trial had not ended in acquittal; nor for the second trial, because he was represented at public expense; nor for the proceed-

experienced attorneys; and one of them is an active member of the Washington State Bar Association.

[4] Clerk's Papers at 29.

[5] *Id.* at 66.

[6] *Id.* at 65.

[7] According to an affidavit filed by Harold Karlsvik, the assistant public defender who handled the second trial, Ronald L. Miller helped him with "general trial preparation," in the capacity of a "research/investigative assistant." Clerk's Papers at 85.

[8] *Id.* at 44.

ings after acquittal, because the case was by then civil, and not criminal.

On June 6, 1997, the trial court denied any award of attorney fees. It also denied any award of costs or expenses incurred in connection with the first trial, but granted $2,839 for Jones' lost time and personal expenses incurred in connection with the second trial. After the entry of a written judgment, Jones filed this appeal.

I.

According to the parties, the first issue here is whether Jones is entitled to reasonable fees and costs incurred in connection with the trial that ended in a hung jury. The State says no, while Jones says yes. We agree with Jones.

A defendant claiming under RCW 9A.16.110 must meet at least two threshold criteria. He or she must show (1) that a jury acquitted, and (2) that the same jury found, by a preponderance of the evidence, that he or she acted in self-defense.[9] If the defendant fails to satisfy either criterion, the claim fails.[10]

Although the parties frame the issue as described above, the real issue is *when* a jury must acquit if the defendant is to satisfy the first threshold criterion. According to the State, the jury must acquit at the end of a particular trial; if it does not, the defendant is not entitled to fees or costs related to that trial. According to Jones, it is enough that the jury acquit at the end of the entire prosecution process; if the jury does that, the defendant is entitled to reasonable fees and costs related to all trials that took place during the prosecution process.

When the Legislature enacted RCW 9A.16.110(2), it

---

[9]*State v. Anderson*, 72 Wn. App. 253, 260, 863 P.2d 1370 (1993), *review denied*, 124 Wn.2d 1010 (1994).

[10]RCW 9A.16.110(2); *State v. Park*, 88 Wn. App. 910, 915, 946 P.2d 1231 (1997); *Rismon v. State*, 75 Wn. App. 289, 292, 877 P.2d 697 (1994); *State v. Joswick*, 71 Wn. App. 311, 316-17, 858 P.2d 280 (1993); *State v. Sims*, 92 Wn. App. 125, 960 P.2d 483 (1998).

expressly commanded the State to "reimburse the defendant for all reasonable costs . . . involved in his or her *defense*." The italicized word connotes the defendant's participation in the *entire* prosecution process; it is not limited to participation in a specific part of the process, such as one of two or more trials. Accordingly, RCW 9A.16.110 entitles a defendant to reasonable fees and costs related to the entire prosecution process, including all trials, if, after the last trial, the trier of fact acquitted and entered the required finding of self-defense.

This result is buttressed by examining the consequences of adopting the State's argument. The premise underlying that argument is that the prosecution process should be parsed into its separate component parts, and that fees should be denied for any specific part (i.e., a trial with a hung jury) that did not end in acquittal. If we were to take that premise to its logical conclusion, we would deny fees for a bail hearing, an arraignment, a pretrial motion to suppress, a pretrial motion to sever, and a host of other events not ending in acquittal. Not only would this nullify much of what the Legislature manifestly intended to do, it would produce results that we consider absurd.

Our result is also buttressed by examining how the prosecution process has been viewed in other contexts. In the double jeopardy context, for example, the United States Supreme Court "has effectively formulated a concept of continuing jeopardy" that allows a defendant to be retried when the prosecution process has not run its "full course."[11] At least partly for this reason, a defendant may be retried following a hung jury.[12] The underlying idea is that the prosecution process should be viewed as a whole, and that the process should be deemed to terminate only when a final result is achieved. The same idea applies here.

---

[11]*State v. Corrado*, 81 Wn. App. 640, 647-48, 915 P.2d 1121 (1996); *Richardson v. United States*, 468 U.S. 317, 324, 104 S. Ct. 3081, 82 L. Ed. 2d 242 (1984); *Arizona v. Washington*, 434 U.S. 497, 509, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1978); *United States v. Perez*, 22 U.S. (9 Wheat) 579, 6 L. Ed. 165 (1824).

[12]*Corrado*, 81 Wn. App. at 647-48; *Richardson*, 468 U.S. at 324; *Arizona*, 434 U.S. at 509; *Perez*, 22 U.S. at 579.

Although the State argues to the contrary, both *Rismon* and *Joswick* are consistent with all we have said. In neither of those cases did the prosecution process culminate in an acquittal or the required finding of self-defense, and thus the trial court properly denied fees and costs.[13] Here, however, the prosecution process did culminate in an acquittal and the required finding of self-defense. We conclude that Jones is entitled to an award of reasonable attorney fees incurred in connection with the first trial.

## II.

Having held that Jones may recover reasonable fees and costs related to the first trial, because the prosecution process is to be viewed as a whole, we next address when the prosecution process ends for purposes of RCW 9A.16.110. According to Jones, it ends when all disputes in the case, including fees and costs, have been finally resolved; thus, a defendant may recover postacquittal fees and costs reasonably incurred in the trial and appellate courts. According to the State, the process ends at the moment of acquittal; thus, a defendant may not recover fees or costs related to the special verdict proceeding in the trial court, or an appeal in an appellate court.

When the Legislature commanded the State to reimburse the defendant "for all reasonable costs . . . incurred in his or her *defense*," it expressly and deliberately made reasonable fees and costs a part of the criminal case in which they are incurred. Indeed, it even provided by subsequent amendment that such fees and costs *must* be claimed in the criminal action, and that they *cannot* be claimed in an independent civil action. At least as a general

---

[13]The State argues that the *Rismon* court sanctioned the denial of fees in a situation like the one here when it included, in the second sentence of its first footnote, the words "or any others." In our view, however, the court was only noting, and correctly so, that the Legislature had not provided for fees and costs in any situation not culminating in an acquittal and a finding of self-defense. Indeed, the court observed in the very next sentence, the last one in the footnote, that Rismon had not shown an acquittal in his case.

rule, the "defense" of a case continues until all claims have been finally resolved. Accordingly, we hold that the State must compensate for postacquittal fees and costs reasonably incurred in the trial or appellate courts.

We find analogous support in *Commissioner, I.N.S. v. Jean*,[14] a case construing the federal Equal Access to Justice Act, which requires a court to award fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the position of the United States was not "substantially justified."[15] In holding that the parties could recover not only their costs of litigation but their fees incurred in pursuing recovery—their "fees for fees"—the Supreme Court noted that "the specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions."[16] Similarly, the purpose of Washington's self-defense reimbursement statute is to reimburse the citizen who is "placed in legal jeopardy of any kind whatsoever for protecting [himself] by any reasonable means necessary," and who is found not guilty by reason of self-defense.[17] Where a defendant claiming reimbursement incurs significant expense to vindicate the claim, denying "fees for fees" would frustrate the statutory purpose.

The State employs the labels "criminal" and "civil" as a basis for arguing against this result. It urges that a defendant's "*criminal* defense end[s] with the 'not guilty verdict;'" that any remaining issues are "*civil* in nature, because they concern only the terms of the reimbursement award;" and thus that a defendant may not recover postacquittal fees or costs under RCW 9A.16.110.[18] In our view, however, these labels are of little use here. When the

---

[14] 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

[15] *Id.* at 155.

[16] *Id.* at 163.

[17] RCW 9A.16.110(1). *See State v. Manuel*, 94 Wn.2d 695, 699, 619 P.2d 977 (1980) (construing former version of statute).

[18] Br. of Resp't at 10, 11 (emphasis added).

Legislature enacted RCW 9A.16.110, it injected into a narrow type of "criminal" case issues that are ordinarily "civil." As a result, it created a sui generis, hybrid type of proceeding that is neither entirely "criminal" nor entirely "civil." We decline to resolve the present problem by affixing either label, preferring instead to look at the Legislature's intent. The Legislature commanded the State to reimburse a defendant for reasonable fees and costs involved in "his or her defense." It did not say "his or her criminal defense," although it easily could have done so, and we think it was referring to the *entire* "defense" of the sui generis kind of case that RCW 9A.16.110 encompasses. Thus, we conclude that the State must reimburse for reasonable costs and fees incurred in this case, both before and after acquittal.

## III.

The State argues that even if it must reimburse Jones for reasonable fees and costs involved in all stages of the prosecution process, it is not required to reimburse for fees and costs incurred while Jones had court-appointed counsel. We consider attorney fees before paralegal, research and investigative fees.

■ When an accused is indigent, he or she is entitled to counsel at public expense.[19] Once he or she has such counsel, he or she cannot reasonably incur fees for attorney services, at least in most instances, because he or she already has such services. We do not foreclose the possibility of extraordinary circumstances that might warrant an exception, but no such circumstances appear in this record. We hold that the State is not required to compensate for attorney fees incurred by Jones while he had court-appointed counsel.

We employ a similar analysis with respect to paralegal, research, and investigative fees. Once appointed, counsel

---

[19]CrR 3.1.

has the right and the obligation to handle the case. If counsel needs paralegal, research, or investigative help, he or she has the right and the obligation to make a motion under CrR 3.1(f).[20] Absent such a motion, an accused cannot *reasonably* incur fees for paralegal, research, or investigative services. No such motion was made here, and the State is not required to compensate for paralegal, research, or investigative fees incurred while Jones had court-appointed counsel.

## IV.

■ Before concluding, we comment briefly on matters that will arise on remand. First, we held above that the State must reimburse for fees and costs reasonably billed by retained counsel of record for the first trial. We deem that holding to require that the State pay at least an amount that will reasonably compensate one retained attorney for handling the case from inception through the first trial. The State must pay additional amounts—e.g., fees incurred because more than one retained attorney chose to attend the first trial, fees incurred by an attorney who never filed a notice of appearance or appeared in court at all, or fees for paralegal, research and investigative ser-

---

[20]CrR 3.1(f) **Services Other Than a Lawyer.**

(1) A lawyer for a defendant who is financially unable to obtain investigative, expert, or other services necessary to an adequate defense in the case may request them by a motion to the court.

(2) Upon finding the services are necessary and that the defendant is financially unable to obtain them, the court, or a person or agency to whom the administration of the program may have been delegated by local court rule, shall authorize the services. The motion may be made ex parte, and, upon a showing of good cause, the moving papers may be ordered sealed by the court, and shall remain sealed until further order of the court. The court, in the interest of justice and on a finding that timely procurement of necessary services could not await prior authorization, shall ratify such services after they have been obtained.

(3) Reasonable compensation for the services shall be determined and payment directed to the organization or person who rendered them upon the filing of a claim for compensation supported by affidavit specifying the time expended and the services and expenses incurred on behalf of the defendant, and the compensation received in the same case or for the same services from any other source.

vices not billed through counsel of record—only if the trial court, in the exercise of its sound discretion, affirmatively finds that such additional amounts were reasonable and necessary to Jones' defense.

Second, we held above that the State must reimburse for postacquittal costs reasonably incurred in the trial and appellate courts. The question remains whether the fees and costs have been reasonably incurred in connection with this appeal. We hold that they have, because Jones has prevailed.[21] We also think, however, that one decision maker should determine fees at trial and fees on appeal, so as to coordinate between the two levels of court. On remand, then, the trial court shall set not only the amount of fees reasonably incurred at the trial level, but also a reasonable amount of fees incurred on appeal.

Reversed and remanded for further proceedings.

HOUGHTON, C.J., and HUNT, J., concur.

---

[21]We assume but do not hold that if Jones had not prevailed, he would not have reasonably incurred fees and costs on appeal.